WESTERN COAL & MINING COMPANY v. NICHOLS.

Opinion delivered March 23, 1925.

1. MASTER AND SERVANT—SAFE PLACE TO WORK—EVIDENCE.—In an action by a miner for injuries from falling rock where the complaint had been amended by striking out the allegation that the master had negligently failed to make the miner's place of work safe, it was not error to exclude testimony that it was the miner's duty to make his place of work safe.

2. MASTER AND SERVANT—DUTY OF SERVANT TO MAKE PLACE OF WORK SAFE.—Where the conditions under which a servant is working are constantly changing, so that the peril of the work depends on the manner in which the work is done, it is the servant's duty to make the working place safe, and no duty in that regard rests on the master.

3. MASTER AND SERVANT—SAFE PLACE TO WORK—JURY QUESTION.—In an action by a miner for injuries caused from falling rock, evidence that the miner, after blasting had brought down a large quantity of rock, asked for another room in which to

work but was assured by the mine foreman that the room was safe, *held* to make it a question for the jury whether it was the miner's duty to make the place safe while he was removing the rock or whether he had a right to rely on the foreman's judgment.

4. APPEAL AND ERROR—INSTRUCTIONS NOT COMPLAINED OF.—Where the instructions given by the court are not complained of, it will be conclusively presumed that the issues were submitted under instructions which correctly declared the law.

5. MASTER AND SERVANT—SAFE PLACE TO WORK—EVIDENCE.—In an action by a miner for injuries from falling rock where the complaint had been amended by striking out the allegation as to the master's negligence in failing to furnish a safe place to work, and sought a recovery solely on the ground that the foreman assured plaintiff that the room in which plaintiff was injured was safe, it was not error to exclude testimony that plaintiff was not careful in using sufficient props to make the room safe.

6. APPEAL AND ERROR—HARMLESS ERROR—DISCRETION OF COURT.— As the order of admission of testimony is largely within the trial court's discretion, permitting a witness to be called after the instructions have been read to the jury was not prejudicial where no abuse of discretion is shown.

Appeal from Franklin Circuit Court, Ozark District; *James Cochran*, Judge; affirmed.

*Thomas B. Pryor* and *Vincent M. Miles*, for appellant.

*Evans & Evans*, for appellee.

SMITH, J. Appellee alleged, for his cause of action, that on the 18th day of January, 1921, he was in the employ of appellant in Mine No. 6, near Denning, Arkansas, and that he was injured by a fall of rock. In the original complaint a recovery was asked on two grounds: (1), negligence on the part of the defendant in failing to furnish appellee with a safe place in which to work; (2), that, after an inspection of appellee's place of work by appellant's mine foreman, appellee was assured that the place was safe, and, relying upon this assurance, appellee continued to work, when the place was not safe, and, while so working under this assurance, a rock fell on appellee and injured him.

Appellee was severely injured, and there is no complaint that the verdict in his favor was for an excessive amount. It is insisted, however, for the reversal of the judgment, that, under the undisputed testimony, appellant was not liable for the injury to appellee, and that the court erred in admitting and in excluding certain testimony.

During the progress of the trial appellee asked and was permitted to strike from his complaint the allegation in regard to the negligence of appellant in failing to furnish appellee a safe place in which to work, and he therefore predicated liability solely on the remaining allegation of the complaint, that appellee had been assured that the place was safe, when such was not the fact.

Appellee was an experienced miner, and admitted that, while engaged in mining coal, it was his duty to make his own place safe. Appellant offered the testimony of other experienced miners to the effect that no one would know better than the miner engaged in mining coal whether the place had become unsafe, and that it was the miner's duty to make it safe. This testimony was excluded, and this action of the court is assigned as error.

We think there was no error in this action of the court, for the reason that, at the time this testimony was offered, the complaint had been amended by striking out the allegation that appellant had negligently failed to make appellee's place safe, and appellee had admitted that this was the duty of the miner. The excluded testimony related to a cause of action which had been stricken from the complaint, and would have tended to prove a fact about which no question was presented.

Appellee had placed the shots of dynamite in the room in which he had been working, and he only had worked in this room after it had been turned off the entry. The last shot fired by appellee had brought down a quantity of rock, after which appellee asked that he be given another room in which to work. Thereafter, according to the testimony of appellee and his son, Bob-

bitt, who was the mine foreman, went into the room and assured appellee that it was safe. Bobbitt denied that he had made any inspection of the room or had given any assurance of its safety, but, on the contrary, testified that, when he saw its condition, he directed appellee to place three props under the roof of the room, and further directed where the props should be placed, and he ordered one of the props to be placed at the part of the roof from which the rock fell which injured appellee.

Appellee testified that he called Bobbitt's attention to the quantity of rock which had fallen and the time which would be required to remove it, and it was then that he was assured that the place was safe, and appellee was directed to remove the rock, and was promised pay of $7 per day while so engaged. While mining coal appellee was not paid by the day. His pay depended on the quantity of coal mined by him. Appellee admitted that Bobbitt told him to place props under the roof, but he testified that this could not be done until the rock had been removed. Appellee was engaged in bursting the rock which had fallen on the floor with a hammer; and he testified that it was necessary to do this in order that he might handle the rock, and that it was necessary to remove these broken pieces of rock to prepare the floor for placing the props, and that he was preparing to place the props, as he had been directed to do, as soon as the rock could be removed, and, after being so engaged for about twenty minutes to half an hour, the rock fell from the roof of the room and injured him.

The instructions are not set out, and no complaint is made that they did not correctly declare the law. The complaint is that there was no question for the jury to pass upon.

We are unwilling to say, as a matter of law, that there was no question for the jury. Appellee was not engaged in pulling down coal at the time of his injury. The work he was doing was that of removing fallen rock. This was not work, according to the testimony in appellee's behalf, which changed the character of the

place as the work progressed and thereby delegated to appellee the duty of making his place safe as the work progressed. Appellee was put to a work for which he was to be paid by the day, and this work did not involve changes in the conditions under which he was to work. There was no hanging rock or coal to be inspected or removed, but appellee's labor was to be performed in the removal of rock which had already fallen, and he was so employed when he was injured.

This court has many times recognized and given effect to the rule that, when the conditions under which the servant is put to work are constantly changing, so that the peril of the work depends on the manner in which the work is done, it is the servant's duty to make the working place safe, and no duty in that regard rests upon the master.

But, as we have said, the actual work of mining the coal had ceased, and we cannot say, as a matter of law, that appellee was engaged in a work in which he did not have the right, in a measure at least, to rely on the judgment of the foreman as to its safety.

There was a question for the jury whether the hazard of the work so changed as it progressed that it was appellee's duty to make the place safe, and, as the instructions are not complained of, it will be conclusively presumed that this question was submitted under instructions which correctly declared the law.

If it be said that the undisputed testimony shows that Bobbitt had ordered appellee to place props under the roof, it may be answered that appellee testified that he was preparing to do this, but it was first necessary to remove the fallen rock, and that he was injured before he could obey this order in the usual and ordinary way, and we must assume that this question of fact was properly submitted to the jury. It may also be said that appellee testified that the order to put up the props was not given to support the roof but to keep the gob back, and that this work was called "gobbing," which meant to throw the rock under the timbers off the right-of-way

so the cars loaded with coal could pass, and that, before appellee had cleaned up the fallen rock, so that he could put in the three props to keep the gob back, the roof fell in and injured him.

Error is assigned in the refusal of the court to permit appellant to prove by miners who worked in the mine where appellee was injured that appellee was not careful in using sufficient props to make the room in which he worked safe. But, at the time this testimony was offered, the complaint had been amended so that appellee was seeking to recover on the ground only that Bobbitt had inspected the place and examined the roof and had assured appellee that the room was safe for the purpose of doing the work which appellee had been ordered to do, so we think there was no error in excluding this testimony.

In his direct examination as a witness in behalf of appellant, Bobbitt was asked if he had told appellee this room was safe, and he answered that he had never told appellee or any other miner any such thing. After both sides had rested and the court had instructed the jury, appellee asked to be allowed to call Simon Phillips to the stand. Appellant objected to this being done, and saved an exception to the action of the court in permitting Phillips to be called as a witness. Phillips was asked if he had ever heard Bobbitt say to other men that their places were safe, and he answered that he had—that Bobbitt had made that statement to him on one occasion.

There appears to have been no objection to the testimony itself, but the objection related to the time of its admission. The objection was made when permission was given to call the witness, and it is this action of the court which we review.

This court has many times decided that the trial court has a wide discretion in the control of the order of the admission of testimony, and that a reversal would be ordered only where an abuse of this discretion was shown, and no showing is made here that there was any

abuse of this discretion in permitting the witness Phillips to be called after the instructions had been read to the jury.

No prejudicial error appears, so the judgment is affirmed.