ARK. STATE HIGHWAY COMM. *v.* VAUGHT

5-3826                                              401 S. W. 2d 553

Opinion delivered April 18, 1966

*William Robert Thrasher,* for appellant.

*Cooper Thweatt, James M. Thweatt* and *Sam A. Weems,* for appellee.

PAUL WARD, Justice. This is an eminent domain proceeding involving the taking of 1.7 acres for highway purposes. A jury trial resulted in a judgment for $10,000 in favor of appellees from which comes this appeal.

It is not here contended the judgment is excessive (if it is based on competent evidence), nor is there any objection to the instructions given by the trial court. For a reversal appellant relies on two separate points,

both relating to the admissibility of certain evidence. Before discussing these points a brief statement of the factual background should be helpful.

Mr. and Mrs. Sam Vaught (appellees herein) are the owners of a farm consisting of 662.77 acres on which rice, soy beans and other crops are grown. The farm is physically divided into two parts. One part, consisting of 607.77 acres, will be referred to as part ''A'' and the other part, consisting of 55 acres, will be referred to as part ''B''. Part ''A'' is one quarter mile north of part ''B'', and lying between the two parts is forty acres (in a square block) which belongs to James Holmes.

On January 29, 1963 the Arkansas State Highway Commission (appellant herein) filed suit to condemn 1.7 acres of land (a portion of part ''B'') for highway purposes. Appellees answered, contending the 1.7 acres was a part of the entire acreage because parts ''A'' and ''B'' were operated as a single unit, and that they had been damaged in the amount of $100,000.

*One.* Appellees introduced testimony to show the taking caused damage to the farm as a whole. This testimony was objected to on the ground that there was no substantial evidence to show the two parts were operated as a unit. Appellant admits that two parcels of land not physically joined may be used as a unit in such a way that damage to one parcel would result in damage to the other. However, NICHOLS on ''Eminent Domain,'' Section 14.31 [1] is quoted to the effect that no such unity exists ''unless they [two parcels] are so inseparably connected in the use to which they are devoted that the injury or destruction of one must necessarily and permanently injure the other.''

After carefully examining the testimony as set out by appellant we have reached the conclusion that the trial court was correct in admitting the questioned testimony in this case. Don Vaught (son of appellees) testified: Since receiving a degree in agriculture I have

farmed the land for four years; there is a reservoir one-half mile square on part "A" which cost $27,000, and which allows the water to run to all parts of the farm; there is a power unit which keeps water in the reservoir; we pasture forty head of cattle on part "B" where our feed is stored and where our corrals are located. We drive cattle from one tract to the other several times each year. Formerly this took three men two hours but now we will have to haul them in a trailer about two and one-half miles. The road will interfere with watering part "B"—there will have to be a dam on the north side of the road. This testimony was admitted over appellant's objection. Mr. Smith testified: I appraised the farm—I estimate the damage at $15,000; part "B" is best suited for raising rice and soybeans; and sometimes hay; water will not now be available to part "B". No objection was made to the above testimony.

*Appellee, Sam Vaught*: We have been able to water part "B" and raised soy beans, hay, etc.—it is also suited to rice; formerly we ran water down the road-ditch to water part "B" but now it will be a "dry farm;" we will also have to move cattle from one part to another in a truck; the entire acreage has been operated as a rice, cotton, soybeans, oats and cattle farm. This testimony was allowed over appellant's objection.

We find no merit in appellant's contention it was error to introduce this testimony before it was first shown parts "A" and "B" were used as a unity. See: *Western Coal & Mining Co.* v. *Nichols,* 168 Ark. 346, 269 S. W. 991.

It is our conclusion also that the testimony relative to the question of "unity" was sufficient to constitute a question of fact for the jury—even under the applicable rule as previously stated by appellant.

*Two.* Mr. Holmes, who owned the 40-acre tract lying between parts "A" and "B", was asked the following question:

Q. "Does Mr. Vaught have permission to water his land by another ditch across your farm?"

At this point appellant objected on the ground that such oral permission would be good only for one day, because he might change his mind. The court stated appellee could make the proof. We find, for at least two reasons, that no reversible error is shown. First, it is not shown that the question was answered, and, also, if the answer had been affirmative, the jury could have considered the testimony for what it was worth.

Finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.

AMSLER, J., not participating.