ARK. STATE HIGHWAY COMM. *v.* POTTS

5-3816                                                    401 S. W. 2d 3
Opinion delivered March 21, 1966
[Rehearing denied April 25, 1966.]

*Mark E. Woolsey* and *Don Langston,* for appellant.
*Clark, Clark & Clark,* for appellee.

PAUL WARD, Justice. This is a highway condemnation case. On July 2, 1963 the Arkansas State Highway Commission (appellant herein) filed a complaint to condemn 12.85 acres of an eighteen-acre tract of land owned by Raymond Potts and his wife (appellees herein), as a part of the right-of-way for Interstate Highway No. 40.

A trial on May 3, 1965 resulted in a jury verdict in favor of appellees in the amount of $32,250. Judgment was entered accordingly.

The principal contention on behalf of appellees, in attempting to establish the value of the land taken, was that the land was located close to the town of Mayflower and was suitable for residential development. The record contains a plat of appellees' land, showing its location with reference to the highway right-of-way.

Appellant urges four principal reasons why the judgment should be reversed.

*One.* Two witnesses on behalf of appellees testified, in effect, that they considered the value of each of the fifty one lots in arriving at the total value of the eighteen acres previous to the taking of the right-of-way. This was objected to by appellant. Since the purported addition had not been developed relative to streets, guttering, water mains, gas, electricity, etc., the above testimony was inadmissible. See: *Arkansas State Highway Comm.* v. *Watkins,* 229 Ark. 27 (p. 31), 313 S. W. 2d 86. However the trial court withdrew consideration of this testimony, saying:

"Two of the witnesses did testify that they did take lots into consideration in arriving at their appraisal. You will disregard any testimony as to value of this lot or that lot or any of the rest of the lots in

the plat, but take the entire 18 acres into consideration as the highway runs across it."

*Two.* Some testimony was introduced on behalf of appellees, over appellant's objection, to show the property was damaged because, as a result of the taking, it would be necessary to travel nearly a mile further to reach the town. Conceding, for the purpose of this opinion, such testimony was inadmissible, yet the alleged error was cured by the court's instruction to the jury, saying: "You are not to consider any damages due to any restriction of access from the remaining lands to the new highway, or any damages due to a circuity of travel."

*Three.* It is here insisted the court erred in refusing to strike the testimony of two witnesses because they gave no fair or reasonable basis for their testimony. We do not agree.

Charley Steed did state that he gave consideration to the lots, but he also gave other reasons for his conclusions. In the first place he stated he had been in the real estate business for fifteen years and that he had known appellees' land for thirty or forty years. Following that he stated: "In my opinion the value of Mr. Potts' land before the taking was $45,000. In my opinion the value after the taking is $5,000." We think the testimony as to value was admissible under our holding in *Ark. State Highway Comm.* v. *Johns,* 236 Ark. 585, 367 S. W. 2d 436. There we said:

"An expert witness, after having established his qualifications and his familiarity with the subject of the inquiry, is ordinarily in a position to state his opinion."

Again, the trial court properly instructed the jury in this connection, saying: "If any of the opinion evidence which you have heard does not have a basis in factual matter or is speculative or conjectural, then you are to

disregard it.'' The record shows the witness did give several reasons for his conclusions.

What we have said above applies to the testimony of the other witness.

*Four.* Finally, it is contended there is no substantial evidence to support the jury's verdict. What we have already said suggests the answer to this contention. There was testimony that the value of the land taken was $40,000. The jury found the value to be $32,-250 and we are unable to say that amount is not supported by substantial evidence.

We have examined other assignments of error but find no merit in them.

Affirmed.

HARRIS, C. J., dissents.

CARLETON HARRIS, Chief Justice, dissenting. I am of the opinion that the court erred in admitting improper testimony, and I think this testimony constituted reversible error. I refer to the evidence given by Mr. Cleve Steed, a resident of Mayflower.

Mr. Steed himself stated that he was ''no expert,'' but the court held that he was qualified as an expert. Mr. Steed, according to his testimony, did not, at least in part, use a correct basis in reaching his conclusions. When asked if he knew of any lands that had sold in Mayflower recently, he responded, ''Well, I could dig up some around there.'' He didn't, however, offer any evidence as to sales. In fact, he stated that whatever property is actually selling for on the market doesn't make a great deal of difference in determining value. ''Whatever you think it's worth, that's it. Not what someone actually paid for it.'' Of course, this is an incorrect standard to apply, and admittedly the witness did not investigate or make any special effort to deter-

mine what lands were selling for in Mayflower. Mr. Steed valued the property in litigation before the taking at $45,000.00, and the after value at $4,500.00 to $5,500.00, leaving a total damage of approximately $40,000.00, but in my view, he gave no sound factual basis for reaching this figure.

I also think reversible error was committed by permitting other evidence from this same witness. On cross-examination, counsel, interrogating the witness, asked:

"Q. So bring it all up to this $3,500 an acre you say it's worth, some of that on the highway would have to be worth 6 or $7,000 an acre wouldn't it?

A. Well, that's a better grade of property. That's on the highway there. Speaking of property down there, they had a filling station down there and an acre of property there, *and I offered $5,000 for that one acre.*"[1]

Appellant moved to strike this testimony, but the court held that counsel had asked the witness the question, stating, "It is almost responsive to your question, Mr. Gillespie," and refused to grant the motion. We have held such evidence inadmissible. *Arkansas State Highway Commission* v. *Elliott,* 234 Ark. 619, 353 S. W. 2d 526, and authorities cited therein. The italicized portion of the witness' statement was not responsive to the question, and strikes me as being merely an attempt to bolster Steed's evidence. I do not know how much this witness' testimony influenced the jury verdict, but, under our holdings, when incompetent evidence is introduced, prejudice is presumed. *Ark. State Highway Comm.* v. *Ptak,* 236 Ark. 105, 364 S. W. 2d 794.

For the reasons herein enumerated, I would reverse the judgment and remand the case.

---

[1] Emphasis supplied.