ARK. STATE HIGHWAY COMM. *v.* HUGHES

5-3906                                                 403 S. W. 2d 80

Opinion delivered May 30, 1966

*George O. Green* and *Thomas B. Keys,* for appellant.

*Lookadoo, Gooch & Lookadoo,* for appellee.

ED. F. McFADDIN, Justice. This is an eminent domain action brought by the appellant, Arkansas State Highway Commission, to acquire 13.03 acres for a right of way for U. S. Interstate No. 30. The landowners are the appellees, James H. Hughes and wife. The Highway Commission considered the total damages which the landowners were entitled to receive, both for the taking and the severance damages, to be $5,700.00. The jury awarded the landowners $11,000.00; and the Highway Commission appeals, listing two points:

"I. The trial court committed reversible error in permitting Mr. P. M. Brown to give testimony with reference to the highest and best use being urban

homesites, a use that the lands were not being put to at the time of the taking, without showing that this would be the highest and best use in the immediate future.

"II.  There was no substantial evidence in the record to support the verdict."

Mr. and Mrs. Hughes owned 59 acres. In addition to their home, Mrs. Hughes also had a beauty shop on the land; and Mr. Hughes testified that the land was valuable as commercial property. He also raised horses and cattle on the land. The right of way taken by the Highway Commission leaves 14.44 acres on one side of the non-access highway, and 31.53 acres on the other side. Two witnesses testified for appellees as to the damages sustained by the landowners.

One of the witnesses was P.M. Brown, whose experience as a real estate appraiser was quite extensive. Mr. Brown testified that the value of the Hughes property before the taking was $35,200.00 and the value after the taking was $24,650.00, or a difference of $10,550.00 as the Hughes damage. Mr. Brown showed great familiarity with land values, sales, and uses for land in the affected area. On cross examination it was shown that Mr. Brown, in fixing the value of the Hughes property, had considered the most valuable use to be the location for homesites; and the attorney for the appellant then moved to exclude the value testimony of Mr. Brown, saying:

"If the Court please, we move to strike the testimony based on the fact that he is basing it on the highest and best use, and there is no information to show the Court that there is any reasonable possibility that this could be urban homesite property rather than the use that it was being used for."

The Trial Court overruled the motion; and that rul-

ing is the first point urged for reversal. We find no error in the Court's ruling. Mr. Hughes had testified:

"Q.  What use were you making of it at that time?

"A.  Homesite and commercial property.

"Q.  At the time that this portion was taken you were actually using it as a homesite, where you and your family lived?

"A.  Yes, sir.

"Q.  And commercial as your wife's beauty shop?

"A.  Yes, sir."

Thus, at the time of the taking, the property was being used for homesite and also for commercial use. The witness Brown testified as to other tracts nearby being used for homesites, so there was no error in the ruling made by the Court.

The appellant insists that the "highest use of the property" must be a reasonably probable use, citing *Ark. Hwy. Comm.* v. *Watkins,* 229 Ark. 27, 313 S. W. 2d 86:

"To warrant the admission of testimony as to value for purposes other than that for which it is actually used, however, regard must be had for existing conditions and wants of the community, or such as may reasonably be expected in the immediate future. The uses considered in fixing value must be so reasonably probable as to have an effect upon the present market value of the land, and a speculative value cannot be considered."

We agree with the quoted language. In fact, the Trial Court so instructed the jury[1] in Instruction No.

---

[1] The said instruction reads: "Now, there has been considerable testimony concerning present use and highest and best use of the involved property. In this connection you are told that regard must

5A, concerning which the appellant made no objection. In *Burford* v. *Upton,* 232 Ark. 456, 338 S. W. 2d 929, we said:

> "The market value is the value to which the property can best be put, or value for the best use of the property, and not necessarily the use to which the property is presently being put. See *Little Rock & Ft. Smith Railway Co.* v. *McGehee,* 41 Ark. 202; Orgel, Valuation Under Eminent Domain, Sec. 30; *Yonts* v. *Public Service Company of Ark.,* 179 Ark. 695, 17 S. W. 2d 886."

Likewise, we find no merit in appellant's second point. The other witness for the landowners was Mr. Ben. F. Bledsoe, who had many years experience in appraising land. He testified that the value of the Hughes property was $47,500.00 before the taking, and 32,500.00 after the taking, or a difference of $15,000.00. His testimony was stoutly challenged on cross examination, but the weight to be given it was a matter for the jury. The witnesses for the appellant claimed that the Hughes property was only damaged a total of $5,700.00 The jury verdict was $11,000.00 and, under the evidence as heretofore stated, such verdict is not excessive.

Again the appellant asks us to overrule our recent case of *Arkansas State Highway Comm.* v. *Russell,* 240 Ark. 21, 398 S. W. 2d 201; and again we refuse. The opinion in that case was delivered after most careful consideration. Affirmed.

be had for existing conditions and wants of the community, or such as may reasonably be expected in the immediate future. The uses considered in fixing value must be so reasonably probable as to have an effect upon the present market value of the land, and a speculative value should not be considered in determining 'fair market value.' "