ARKANSAS STATE HIGHWAY COMMISSION *v.* ROY CROMER ET UX

5-4180                                                414 S. W. 2d 90

Opinion delivered May 1, 1967

*George O. Green* and *Don Langston,* for appellant.

*Ralph W. Robinson,* for appellee.

GEORGE ROSE SMITH, Justice. This condemnation suit involves a tract of land near the tract that was taken in what now appears to have been essentially a companion case: *Arkansas State Highway Commn.* v. *Griffin,* 241 Ark. 1033, 411 S. W. 2d 495 (1967). There we

held that the trial court erred in permitting the landowners to prove an enhancement in value that was the result of the proposed improvement, the construction of Interstate Highway 40. That same proof was made in the case at bar; so this judgment must also be reversed.

Counsel seek to distinguish the *Griffin* case on the ground that there the landowners' testimony in chief included the prohibited element of valuation, while here the condemnor's attorney brought the matter out in cross-examining the landowners' expert witnesses. When those witnesses admitted that they had taken such inflated selling prices into consideration in arriving at their estimates of the value of the property being taken, the highway department's attorney made an unsuccessful effort to have those estimates of value excluded from the record.

The asserted distinction between that case and this one is not well taken. An expert witness may state his opinion without first giving the facts upon which it is based. *Arkansas State Highway Commn. v. Johns*, 236 Ark. 585, 367 S. W. 2d 436 (1963). Hence the appellant's attorney was compelled to elicit the facts by cross-examination. In this respect the case at hand is to be distingished from *Arkansas State Highway Commn. v. Russell*, 240 Ark. 21, 398 S. W. 2d 201 (1966). There we held that a landowner's testimony should not be stricken simply because he admits on cross-examination that he has taken an inadmissible fact (such as an offer to purchase) into account in reaching his conclusion about the value of his land. Here, by contrast, the experts' reliance upon inflated selling prices led them to an ultimate opinion that was actually erroneous for the purposes of condemnation, because it included an element of value not properly a part of just compensation. Hence the opinion should not have reached the jury's ears, not because it was technically inadmissible but because it was wrong and consequently misleading to the jury.

Reversed.