ARKANSAS STATE HIGHWAY COMM. v.
ROY CARRUTHERS, ET UX

5-4844 439 S.W. 2d 40

Opinion Delivered April 7, 1969

*Thomas B. Keys* and *Hubert E. Graves* for appellant.

*Gordon, Gordon & Eddy* for appellees.

CARLETON HARRIS, Chief Justice. This appeal relates to an eminent domain action brought by the Arkan-

sas State Highway Commission against Roy Carruthers and wife for the acquisition of lands needed for the construction of Interstate Highway 40, and its facilities in Conway County. On trial, the jury returned a verdict in the amount of $45,000.00 in favor of appellees, and from the judgment so entered, appellant brings this appeal. For reversal, two points are urged. It is first asserted that the trial court erred in allowing the landowner to testify to the amount of an estimate by a contractor as to the cost of building a necessary bridge, following the taking, for access to a portion of the remaining land. It is also contended that the trial court erred in refusing to strike the testimony of two of appellees' witnesses with respect to damage to an airstrip, this portion of land having been leased by Carruthers, and the lessee not being a party to the action.

We agree that there is merit in appellant's first contention. During examination of Mr. Carruther's, he was asked if he would have any problem getting to a certain portion of his land, and he replied that he would not, if he could construct a bridge across a canal. The witness was then asked if he knew what that would cost, and he replied, ''I am not familiar with the building of roads. I have an estimate from a contractor.'' He then said that he asked the contractor what it would cost to build the bridge, and received a reply. Counsel for the department objected to the use of the estimate, or to any testimony to be given on the basis of same, stating, ''That is hearsay testimony. He has no personal knowledge, it is what someone else told him.'' Over these objections, the court permitted Carruthers to testify, and the witness stated, ''I believe it was $24,300.00 or $24,400.00.'' This ruling by the court constituted error. As early as 1896, this court, in *Little Rock and Ft. S. Ry. Co.* v. *Alister*, 62 Ark. 1, 34 S.W. 82, said:

''There was error also in admitting the testimony of West, which was only the opinion of a nonexpert, whose testimony shows that he was guess-

ing merely at what he testified to, and that his opinion was based upon hearsay, and that he really knew nothing about what he was testifying.''

Likewise, in *J. F. Beasley Lumber Company* v. *Sparks,* 169 Ark. 640, 276 S.W. 582, we stated:

"It is first contended that the court erred in permitting appellee to testify concerning statements made to her by a certain building contractor as to the estimated cost of completing the building. She was permitted to testify, over objections of appellant, that a Mr. Finn had figured up for her the cost of completing the building and informed her that it would amount to the sum of $4,600. This testimony was purely hearsay, and we are of the opinion that the court erred in admitting it."

In *Arkansas State Highway Commission* v. *Speck,* 230 Ark. 712, 324 S.W. 2d 796, we held that the contemplated costs of restoration, including the cost of bridges necessary to the ingress and egress of the landowner, though not the actual measure of damages, may be offered into evidence as a fact for the jury to consider, along with other facts, in arriving at the difference between the market value of the property before and after condemnation. In the case before us, the figure testified to by Carruthers was over 50% of the award of damages, and we are unable to say that this testimony did not influence the jury, *i.e.,* we are not able to say that the appellant was not prejudiced by this evidence.

As to the second alleged error, we merely point out that, where property is under a lease at the time of the condemnation, the owner is only entitled to damages to the reversion, after the determination of that estate. Appellant says that some of appellees' witnesses, in reaching their conclusions on damages, considered the value of the leasehold estate, while appellees assert that this was not done. Actually, the testimony is not entirely

552

clear on that point, but since the case will be retried, there is no need to discuss the evidence.

Because of the error heretofore pointed out, the judgment is reversed, and the cause remanded to the Conway County Circuit Court.