## ARKANSAS STATE HIGHWAY COMM'N *v.* W. D. DAVIS ET UX

5-5220                                    455 S. W. 2d 97

Opinion delivered June 22, 1970

*Thomas Keys,* and *James Dowell,* for appellant.

*Graves & Graves,* for appellees.

FRANK HOLT, Justice. This is an eminent domain proceeding and is a sequel to *Arkansas State Highway Commission* v. *Davis,* 245 Ark. 813, 434 S. W. 2d 605 (1968). In 1966 appellant took 3.37 acres of appellees' land and severed 18 acres from their 95-acre tract. Prior to that time, the property was utilized for the operation of a commercial laying hen business and a cattle farm. Upon retrial, a jury assessed damages at $20,666, and from a judgment on that verdict comes this appeal.

Appellant first contends for reversal that the trial court erred in overruling its motion *in limine.* Appellant asserts that its motion was directed primarily and specifically toward eliminating from the jury's consideration the testimony adduced at the first trial with regard to the cancellation of the landowners' egg production contract which was cancelled by the Corn Belt Hatcheries due to the proximity of the interstate construction facility. Appellant's trial counsel asked, in effect, that the appellees' witnesses not be permitted to testify that the possibility of loud nosies and bright lights from heavy traffic would adversely affect the egg production, causing the cancellation of appellees' egg contract and, therefore, rendering worthless the six chicken houses on their property. The trial court denied the motion with the admonition to the landowners that testimony as to possibilities would be improper and that any evidence offered by the appellees should be limited to reasonable probabilities. The refusal of the motion *in limine* with the accompanying admonition to the appellees to limit the testimony to reasonable probabilities was clearly within the discretion of the

trial court. We have often recognized the discretionary power of a trial court in the control of the admission of testimony. *Western Coal & Mining Co. v. Nichols,* 168 Ark. 346, 269 S. W. 991 (1925). Certainly there is no abuse of discretion demonstrated in the case at bar. Furthermore, on the first appeal of this case we remanded with directions to "afford an opportunity for the parties to present more positive and more explicit evidence relative to the issue of whether the Davises' commercial laying houses are now a total loss because of the proximity of the new interstate highway." The appellees were entitled to again present their theory of damages and to implement their evidence within reasonable probabilities.

Appellant next asserts that the trial court erred in striking that portion of Mr. Charles Wilburn's testimony as to damages to appellees' chicken houses. Mr. Wilburn testified for appellees as an expert appraiser. According to him, the proximity of the interstate highway to appellees' property, and particularly to their chicken houses, depreciated the value of the use of those buildings for the production of eggs to the extent of $20,000. Appellant asked the trial court to strike that portion of his testimony, asserting that it had no basis in fact since his estimate of the diminution in value of the chicken houses was based upon information he acquired from the landowners and an employee of the Corn Belt Hatcheries when he made his investigation for appraisal purposes. We cannot agree with this contention. We firmly settled the merits of this contention in *Arkansas State Highway Comm'n v. Russell,* 240 Ark. 21, 398 S. W. 2d 201 (1966), when we said:

> "It is at once apparent that if we sustain the commission's contention it will hardly be possible in the future for a landowner or an expert witness to give an admissible opinion about the value of property.
>
> The overwhelming weight of authority is contrary to the appellant's present contention. It has repeat-

edly been held that expert or lay testimony is competent even though it is based wholly or partly upon hearsay. [citing cases]"

Furthermore, in the recent case of *Arkansas State Highway Comm'n* v. *Highfill*, (April 20, 1970), 452 S. W. 2d 846, we again recognized that the landowner has the right to show the highest and best use for which his property is adaptable before and after the taking. So, too, in the case at bar, the appellees could properly show that the highest and best use of their property before the taking was for commercial egg production purposes and that after the taking, their lands were rendered useless for this purpose.

Appellant next contends that the verdict is not supported by substantial evidence and is excessive. We do not agree. As previously indicated, 3.37 acres of appellees' lands were acquired in fee and 18 acres were severed from the 95-acre tract. Appellees presented three witnesses who were experts and knowledgable as to the effect of the proximity of the highway facility upon appellees' commercial egg production business. Evidence was adduced that because of the proximity, appellees' contract was cancelled and they were unable to acquire a commercial contract from other sources and that appellees' six chicken houses were designed and constructed in such a manner that they were rendered useless for any other purpose and had only a salvage value as a result of the cancellation of the contract. The appellant produced an independent operator who disagreed with appellees' witnesses. According to him, the appellees' property would continue to be suitable for commercial laying hen operations. These two conflicting theories were presented to the jury, and it was for it to determine which should prevail.

One of appellant's value witnesses estimated damages to all the property at $1,550 and another estimated $3,000. The appellees' value witnesses estimated damages to the entire property ranging from $26,658 to $27,383. As previously indicated, the jury awarded $20,-

666. There was detailed evidence that the specially designed six chicken houses (with a 13,500 laying hen capacity) were damaged to the extent of $20,000 since they were rendered totally useless except for salvage purposes due to the proximity of the interstate highway and interchange facilities. In view of this latter evidence and the undisputed facts that 3.37 acres were acquired in fee and 18 acres were severed from the 95-acre tract which was also being utilized for cattle pasturage, we hold there is substantial evidence to support the verdict and we cannot say it is excessive.

Affirmed.