ARKANSAS STATE HIGHWAY COMM'N *v.*
J. H. SHIELDS ET UX

5-5411                                         460 S. W. 2d 746

Opinion delivered December 21, 1970

*Thomas B. Keys* and *Bedford G. Webb,* for appellant.

*Wayland Parker* and *Donald Poe,* for appellees.

LYLE BROWN, Justice. The Arkansas State Highway Commission condemned, for highway purposes, a strip of land which bisected the 150-acre cattle ranch owned by appellees, Shields and wife. The commission challenges the award of just compensation, asserting error in the admission of certain testimony which will be hereinafter detailed.

Point I. *The court erred in refusing to strike the value testimony of the landowner, J. H. Shields.* The witness had owned, lived on, and farmed the entire acreage since 1937. It is conceded that he was intimately acquainted with the property. By virtue of his ownership, coupled with his detailed knowledge of the property, Shields was entitled to give his estimates of values. *Arkansas State Highway Comm'n.* v. *Fowler,* 240 Ark. 595, 401 S. W. 2d 1 (1966). Shields attempted to buttress his opinion of before and after values by relating what he considered three comparables. On cross-examination it was shown that the witness missed the sale date of one comparable by approximately four years; that the witness was not certain of the acreage contained in one comparable; that his knowledge of the sale price of another comparable was based on hearsay; and that two of the comparables may have been estate sales. Any such discrepancies did not render the witness' testimony as to comparables entirely valueless. They would go to his credibility as a witness and not as to his competency. The trial court was correct in refusing to strike all the value testimony of the landowner.

Point II. *The court erred in refusing to strike the testimony of appellees' expert, Glenn West, as it related to the value of improvements.* Appellant contends that the witness did not know the age of any of the structures and hence did not follow the well recognized practice of determining the age and depreciating on the basis of remaining effective life. Appellant fails to consider, however, that the witness testified that he arrived at fair market value by personal inspection and appearance of the improvements and by judging them depreciated one-third from the time they were built. He further said that he considered their adaptability to the ranch-cattle operation. In other words, he was looking for the value they contributed to the lands they served.

Appellant also contends the witness did not include any functional or economical depreciation on the dwelling. As an expert, however, he was entitled to the opinion that there had been no economical or functional depreciation of the dwelling with respect to its use on the ranch-cattle farm.

The matters related were all brought out on cross-examination. They did not demonstrate that the witness had no "reasonable basis whatever for his opinion" and therefore the court properly refused the motion to strike. *Arkansas State Highway Comm'n. v. Russell,* 240 Ark. 21, 398 S. W. 2d 201 (1966).

Point III. *It was error to refuse to sustain appellant's objection to a hypothetical question.* Witness Suthmer was called by the appellant to give his estimates of values. On cross-examination he was asked this question:

Q. Assuming that if, in fact, there was such a sale—that Shields sold $33,512.83 worth of cattle off of his property, Tract No. 16, in 1967— would that indicate that Shields top operation was a more valuable operation than could be conducted on the Boone-to-Goldsmith property?

There was no evidence of such a sale by Shields, nor did appellees assert that they would supply the deficiency by subsequent testimony. A hypothetical question is defective when it assumes the existence of facts which are not in evidence. *Payne* v. *Thurston,* 148 Ark. 456, 230 S. W. 561 (1921). But the answer given by the witness removed any possibility of prejudicial error:

A. I'll try to answer your question. The answer is no, in this respect. Mr. Shields may have sold his entire herd in 1967, I don't know. In order to make a comparable from an income approach, I would have to have sales over a period of years to see what the property was bringing in, and the same way with the Goldsmith property. I did not make an estimate of value on the property from an income approach.

The answer clearly laid to rest any idea that the "hypothetical sale" would cast any light on the market value of the farm.

Affirmed.