ARKANSAS STATE HIGHWAY COMM'N v.
HANSEL HIGHFILL ET UX

5-5496                                    464 S. W. 2d 784

Opinion delivered March 29, 1971

*Thomas B. Keys* and *Hubert E. Graves,* for appellant.

*J. Marvin Holman,* for appellees.

JOHN A. FOGLEMAN, Justice. On the first appeal in this case, we found that there was error in the circuit court's failure to strike the landowner's value testimony in this eminent domain proceeding. We are not confronted with that problem on this second appeal because the trial court instructed the jury not to consider such testimony by Highfill on the retrial. The sole point for reversal is that there is no *substantial competent* evidence to support the verdict. We might well dispose of this case upon the basis that no objection was made to the value testimony of either of the two other witnesses called by appellees, and no motion was made to strike the testimony of either. The question of competency, if any actually exists, was waived by appellant. *Koelsch v. Arkansas State Highway Commission,* 223 Ark. 529, 267 S. W. 2d 4; *Sneed v. Reynolds,* 166 Ark. 581, 266 S. W. 686.

The real basis of appellant's argument here is that the witnesses based their opinions upon noncomparable sales. One of them, Hobart Yarborough, was unable to find sales of comparable land in the immediate vicinity, so he relied upon three sales of land some distance away. One of these was 2½ miles southeast of Clarksville, while the Highfill land was 13 miles west. Another was two miles up Spadra Creek and lay adjacent to the city limits. It was not demonstrated that there were any other dissimilarities in the two tracts. The witness stated that he had used this sale and another from Hardgraves to Morgan in testifying in this and other cases pertaining to creek bottom lands. The third sale was not considered by him when he made his first appraisal, *i. e.,* before the first trial in this case. Appellant also argues that Yarborough's professed lack of knowledge about other purported sales about which he was quizzed on cross-examination and his failure to consider other sales as comparable show that his testimony could not be substantial.

Separation of two tracts by distance where they are otherwise similar is not sufficient to show that the sale of one is not evidence of value of the other, where it cannot be said as a matter of law that they are in different localities. *St. Louis I. M. & S. Ry. Co.* v. *Maxfield,* 94 Ark. 135, 126 S. W. 83, 26 L. R. A. (n. s.) 1111. See also, *Arkansas State Highway Commission* v. *Ormond,* 247 Ark. 867, 448 S. W. 2d 354; *Arkansas State Highway Commission* v. *Clark,* 247 Ark. 165, 444 S. W. 2d 702. If the sales relied upon by appellees' witnesses were not comparable as a matter of law, it was incumbent upon appellant to call that fact to the attention of the trial court. *Baker* v. *City of Little Rock,* 247 Ark. 518, 446 S. W. 2d 253. This it did not do. On the basis of disclosures made with reference to the respective tracts we are unable to say that they are not comparable as a matter of law. Consequently, the weight to be given Yarborough's testimony was for the jury. *Arkansas State Highway Commission* v. *McAlister,* 247 Ark. 757, 447 S. W. 2d 649.

While appellant insists that Yarborough admitted that he did not consider the third sale (from Bailey Barns to Charles Larrison), we construe the witness' testimony to be that he did not consider it when he made his first appraisal, but did consider it as a basis for his testimony at the second trial. The knowledge (or lack of knowledge) of the witness as to other sales, if indeed appellees' data about them was correct, would only bear upon the weight to be given to his testimony. *Arkansas State Highway Commission* v. *Shields,* 249 Ark. 710, 460 S. W. 2d 746; *Arkansas State Highway Commission* v. *Ormond,* 247 Ark. 867, 448 S. W. 2d 354. We cannot say that it had no substance.

Virtually the same argument is made about the testimony of Harold Lewis, the other value witness called by appellees. One sale which Lewis used in his evaluation of the Highfill property was 12 miles northeast of Clarksville, another was 18 miles from the Highfill land, and he also referred to two of the sales used by Yarborough. He denied that other lands about which he

was asked on cross-examination were comparable to that of the Highfills.

We are simply unable to say that appellant has demonstrated that the verdict had no substantial evidentiary support.

The judgment is affirmed.