## ARKANSAS STATE HIGHWAY DEPARTMENT
### *v.* JAMES BUSBY ET UX

5-5816                                    479 S.W. 2d 242

Opinion   delivered April 24, 1972

*Thomas B. Keys* and *Hubert Graves,* for appellant.

*James Robertson* and *Sharpe & Wilkinson,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant contends that the trial court erred in refusing to strike the testimony of James Montgomery, the only witness who testified on behalf of appellees as to the value of appellees' lands before and after the taking of 1.56 acres by appellant through the exercise of the power of eminent domain. Appellant's motion, made at the conclusion of Montgomery's testimony, was based upon the fact that he had determined the value of appellees' lands by considering the depreciated value of a dwelling house on the basis of the reproduction costs of that building, even though he was not an architect, engineer or builder and had no knowledge or experience which would qualify him to estimate the reproduction cost of such a structure.  The trial court overruled the motion, and instructed the jury to disregard

the statements of the witness if it found them to be without factual basis. Although the witness protested that he had not based his testimony upon an estimate of the cost of the replacement of the Busby house made by Bake Parker of Vaccaro-Grobmyer Lumber Co., he admitted that he had seen the estimate before he testified and that it had confirmed his own estimated replacement cost of $17,500. He also admitted that he had been unable to find any sales involving a like house similarly located.

We find no reversible error in the court's action. An expert witness as to value must often rely upon hearsay to some extent. His testimony is not thereby rendered inadmissible. *Arkansas State Highway Commission* v. *Russell*, 240 Ark. 21, 398 S.W. 2d 201. But any possible prejudice which might have been attributable to a failure to strike this testimony was eliminated when Bake Parker, who had been an estimator and contractor for the lumber company for 13 years, testified that he estimated the replacement cost of the house on the date of taking at $17,485.23

In this respect this case is unlike *Arkansas State Highway Commission* v. *Mahan*, 249 Ark. 1022, 463 S.W. 2d 98, where the value expert, who was not an engineer, architect or builder, admitted that he had no knowledge of the cost of construction materials. He had determined reproduction costs of a building simply by relying upon information gleaned from publications not shown to be patterned upon such costs in the community where the property was located. The witness admitted that there was a variation in these costs in different localities. Montgomery's estimate was shown to be sound, if credit is given to Parker's testimony.

Montgomery's testimony was not vulnerable for the reason the landowner's testimony was found improper in *Arkansas State Highway Commission* v. *Carruthers*, *246 Ark* 549, 439 S.W. 2d 40. There, we held that it was error to permit the landowner, a nonexpert, to base his testimony as to damage to the access to his remaining lands by stating the amount of a contractor's estimate of cost of building a bridge. Not only did the witness there

not have the knowledge necessary to permit a statement of his opinion, but the qualifications of the estimator were not shown, and he was not subject to cross-examination to determine whether he had any basis for his estimate.

Since there was competent evidence to support the inadequately based testimony of Montgomery, we affirm the judgment.