# ARKANSAS STATE HIGHWAY COMMISSION
## v. TONY CHRISTELLO ET UX

73-170          502 S.W. 2d 494

### Opinion delivered December 17, 1973

*Thomas B. Keys* and *Billy Pease,* for appellant.

*Ralph Robinson, Tom Harper,* and *Carl Creekmore,* for appellees.

GEORGE ROSE SMITH, Justice. This is a condemnation case. The highway department, by a declaration of taking filed on January 26, 1965, took a strip of about 12 acres across a 52-acre tract owned by the appellees, Tony Christello and his wife. The jury fixed the landowners' compensation at $20,000. In substance the appellant argues two points for reversal, both being based upon the trial court's refusal to strike testimony offered by the landowners.

The tract in question lies near the city of Alma and, according to all the abstracted testimony, is best suited to be used as a residential subdivision. T. J. Van Zandt, one of the landowners' expert witnesses, testified that the value of the tract before the taking was $125,000, "assuming all utilities except sewer were available to the property." On cross-examination the witness admitted that he did not know what it would cost to make the utilities available to the property, since he was not an engineer. It is now insisted, in view of that admission, that the condemnor's motion to strike Van Zandt's testimony should have been sustained.

Upon the record we cannot sustain that contention. Van Zandt did not assume that utility lines had been installed throughout the interior of the 52-acre tract. He merely assumed that utility services had been run "to the acreage," where they would be available to the tract. When Van Zandt so testified there was already in the record ample proof to indicate to the jury that the various utility services (except sewer lines, which the witness also excepted) were in fact available at the border of the tract on the date of the condemnation. In the light of that proof the trial court was right in refusing to strike Van Zandt's value testimony.

The appellant's second contention is that the court should have stricken the testimony of Christello and that of his two expert witnesses, because they all "used small lot sales to establish the value of a large tract of land containing raw acreage."

This contention, too, must be rejected. To begin with, the land was not raw acreage in the sense that the witnesses arrived at their estimates of value by multiplying the worth of individual lots in a fictitious subdivision that existed only upon a paper plat. That method of evaluation was disapproved in *Ark. State Highway Commn. v. Watkins*, 229 Ark. 27, 313 S.W. 2d 86 (1958). Here the subdivision was not imaginary. From the testimony the jury was warranted in finding that Christello, at least five months before the highway department itself knew where the proposed interstate highway would be located, began in good faith to develop the tract in question as a

subdivision. He spent $2,500 in having the area cleared, surveyed, and platted. He obtained estimates of cost with regard to gas and water pipe lines, ditching, and concrete streets. He sold two lots and options upon several others. Upon the proof it cannot be said that the proposed subdivision existed only on paper.

Moreover, the three challenged witnesses did not base their values solely upon the sale of small lots. We discuss only Christello's testimony, since he was the least qualified witness of the three. Christello had lived in Alma for 30 years and had owned land within and without the city, including all the land for at least a mile along both sides of a state highway abutting the tract now in dispute. Christello had developed and sold, lot by lot, another residential subdivision that was, at its closest point, only 200 yards from the subdivision now in issue. He testified that those lots, comprising about half an acre each, sold for from $1,000 to $1,200 each. Both he and his engineer stated that the first subdivision was situated upon low land and was therefore less desirable than the second one, which Christello described without contradiction as "the best piece of land for development that there is anywhere near Alma."

Christello's plat of his second subdivision showed a total of 27 residential lots, but he did not attempt to arrive at a value of the tract as a whole on the basis of those lots. To the contrary, at no point in his testimony did he ever assign any value to the lots as such. Instead, he testified that the 52-acre tract as a whole had a value of $107,500, which he reduced to a valuation of $2,115 an acre. His testimony that for many years there had been no sales in the vicinity of comparable large tracts is not disputed. Although he and his two expert witnesses fixed his damages at from $45,750 to $59,500, the verdict was for only $20,000. We find in the record no error that would justify our setting the verdict aside.

Affirmed.