ARKANSAS STATE HIGHWAY COMMISSION
*v.* RUTH MULLENS

73-184                                    502 S.W. 2d 626

Opinion delivered December 24, 1973

*Thomas B. Keys* and *Philip N. Gowan,* for appellant.

*John J. Calloway,* for appellee.

LYLE BROWN, Justice. This eminent domain case concerns a 104 acre tract with a quarter mile frontage on State Highway 23. The highway commission cut a considerable swath across the lands, taking 51.10 acres for Interstate 30 and a rest area. After the taking there remained wooded lands north of the new highway and the homesite and cultivated lands south of the new highway and fronting on State Highway 23. By her testimony the landowner fixed her damages at $28,100; her expert witness fixed the damages at $20,300. The jury awarded damages of $28,100. For reversal appellant contends (1) that the testimony of the landowner to the before taking value was insubstantial, and (2) that the court should have struck the before value of the landowner's expert witness. We find no merit.

It is axiomatic that a landowner has more leeway in fixing values than does an expert. We said in *Arkansas State Highway Comm. v. Fowler,* 240 Ark. 595, 401 S.W. 2d 1 (1966): "It is not necessary to show that he was acquainted with the market value of such property or that he is an expert on values. He is deemed qualified by reason of his relationship as owner to give estimates of the value of what he owns. The weight of his testimony is, of course, affected by his knowledge of the value." To the same effect see *Arkansas State Highway Comm'n v. Kennedy,* 248 Ark. 301, 451 S.W. 2d 745 (1970).

Appellee and her husband purchased the property in 1960 and moved onto it. After the husband's death in 1965, appellee continued to live there another six years. She detailed a good knowledge of the topography. The house is located on high and level ground; to the north of the

house the land is uphill; at the point where appellant indicated the rest area, there is a beautiful view of the entire countryside, including the river, the town of Ozark, and the locks and dam. She estimated the value of the entire tract before the taking at $400 per acre, based on what she thought a willing buyer would pay. On cross-examination she was questioned concerning why all the acreage—woodlands and cultivated lands—was valued at $400 an acre. She said her figure was based on a sale of the acreage as a unit. She conceded that her knowledge of sales in the area was based on hearsay; however, she related she sold two acres off the tract fronting on Highway 23 for $750 an acre.

The fact that the landowner had no personal knowledge of the details of other sales does not destroy her testimony. The fact that she took into consideration what she had heard several different persons say in discussing the value of lands did not make her testimony on that score inadmissible. *Arkansas State Highway Comm.* v. *Russell*, 240 Ark. 21, 398 S.W. 2d 201 (1966). It is also said in *Russell* that if cross-examination shows a questionable basis for the landowner's values, that fact has a bearing on the weight to be given the witness' testimony. We think the landowner's testimony passes the substantial evidence test.

Now as to the before taking value given by the expert, Eddie Anderson. The witness has lived in Ozark all his life and for the past nineteen years has been a licensed real estate broker. He has made many appraisals in the area, some for federal agencies and others for private landowners. He has been acquainted with the subject property all his life. He gave an across the board value of $300 per acre. He believed the highest and best use of appellee's property was for homesite development. He said there was a good view in every direction, including the locks and dam, the Arkansas River, the town of Ozark and a mountain range. He stated specifically he did not know of another tract of 100 acres in Franklin County comparable favorably to the subject property.

As to the three comparables used, one was a three acre tract which sold for $1800 per acre; another a 23 acre

tract which sold for $1,087 per acre; and another a 51 acre tract abutting a dirt road which sold for $200 an acre. We are unable to say the trial court erred in not striking the witness' before value testimony.

Affirmed.

HARRIS, C.J., not participating.