ARKANSAS STATE HIGHWAY COMMISSION
*v.* E. L. PERSON et ux

75-39                                        525 S.W. 2d 77

Opinion delivered June 30, 1975

*Thomas B. Keys, Philip N. Gowen,* for appellant.

*Lightle, Tedder, Hannah & Beebe,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellees recovered judgment for $56,000 against appellant for the taking of 3.32 acres of a 4.47 acre tract by eminent domain for construction of a controlled access highway to be known at Searcy Bypass. The property was located on U.S. Highway 67, two miles from Searcy. It had a highway frontage of 660 feet and was the site of a truck stop. All of the improvements, consisting of a restaurant and service station, were located on the part taken. Neither appellant's expert value witnesses nor those called by appellees found any sales that were actually comparable, and appellant's expert appraisal witness testified that there were none, although he referred to and relied upon one he called "most comparable" because it was the only commercial sale he found along the highway. For reversal, appellant lists three points which will be discussed in the order listed by appellant.

I

THE COURT ERRED IN PERMITTING
WITNESSES FOR THE LANDOWNER TO
TESTIFY TO A SALE WHICH THEY ADMITTED
REFLECTED A VALUE CREATED BY THE
HIGHWAY CONSTRUCTION, AND WHICH
THEY CONSIDERED IN ARRIVING AT THEIR
OPINIONS AS TO THE BEFORE VALUE OF THE
LANDS INVOLVED.

The landowners called two expert witnesses on values.
They were Tom Quattlebaum and Nick D'Auteuil.
Quattlebaum stated that, in his opinion, the fair market value
of the property before the taking was $67,300, and after the
taking, $1,300. On cross-examination he stated that the
depreciated value of the improvement was $44,800 and he
assigned a value of $22,500, or roughly $5,000 per acre to the
land. When asked how he arrived at that figure,
Quattlebaum stated that he made an extensive study of all
the land sales in the complete area and found that the land
was closely held and sales erratic, ranging from $1,000 to
$17,000 per acre. When asked where there was a $17,000 per
acre sale, the witness pointed out a tract on an off-ramp of an
interchange on the interstate highway. When further asked if
he took that sale into consideration in arriving at his $5,000
value, he answered affirmatively. He also admitted that the
highway construction caused that sale. Appellant's motion
that the court admonish the jury to disregard that sale was
denied.

Later, still on cross-examination, Quattlebaum stated
that he could not find a sale that was truly comparable, so he
took an overall view of the prices which ranged from "a thou-
sand to seventeen, twenty thousand dollars an acre." No mo-
tion to strike the value testimony of this witness, insofar as the
land itself was concerned, was ever made.

D'Auteuil stated his opinion that the fair market value of
the property immediately before the taking was $75,500 and
that the remaining 1.15 acres had a value of $1,500. He
valued the land at $32,500, or approximately $8,000 per acre,

but preferred to put it upon the basis of $50 per front foot. He testified on cross-examination that he searched the entire area but was unable to find anything comparable that had been sold, so he started looking for comparable sales of commercial property that had sold about the time of the taking. When asked to tell of some of the sales he found, the third one he enumerated was the tract on the interchange ramp. He was certain that the location of the interchange influenced that value. He admitted that, at the moment, he knew of no sale on Highway 67 that would reflect a value of $8,000 per acre other than the one influenced by the interchange, and that it had sold for $2,800 per acre about a year prior to the condemnation. Appellant moved to strike the value testimony of the witness as to this land because he considered the sale influenced by the highway construction and on the ground that he had not given a reasonable factual basis for the values he assigned to the land.

E. L. Person gave his opinion that the property was worth $90,000 before the taking and $1,000 after. He valued the land at $10,000 per acre. He referred to the same sale at the interchange ramp. Appellant moved to strike the landowner's testimony because he demonstrated no reasonable factual basis for his opinion as to value.

We are unable to say it was shown that any of these witnesses had no fair or reasonable basis for his value testimony. But we need not elaborate upon other testimony, because the sole ground upon which appellant asks us to reverse the judgment is that the witnesses testified relative to a sale influenced by the highway construction.

The qualifications of these witnesses are not questioned. Appellant had the burden of showing that there was no reasonable or logical basis whatever for their opinions. *Arkansas State Highway Commission* v. *Bane*, 250 Ark. 142, 464 S.W. 2d 603; *Arkansas State Highway Commission* v. *Jones*, 256 Ark. 40, 505 S.W. 2d 210; *Arkansas State Highway Commission* v. *Stobaugh*, 247 Ark. 231, 445 S.W. 2d 511; *Arkansas Louisiana Gas Company* v. *Hardgrave*, 252 Ark. 257, 478 S.W. 2d 772. The sale of the property along the ramp was only one item bearing upon the basis of the values assigned by them to the property

before the taking, so this factor would not justify striking the testimony, even though it would be significant as to the weight to be accorded it. *Arkansas State Highway Commission v. Pruitt,* 249 Ark. 682, 460 S.W. 2d 316; *Arkansas State Highway Commission v. Sargent,* 241 Ark. 783, 410 S.W. 2d 381. Consideration of a sale which would be impermissible direct evidence of value does not require that a landowner's or expert's opinion testimony be stricken where it is not based solely on that sale. *Arkansas State Highway Commission v. Christello,* 255 Ark. 717, 502 S.W. 2d 494; *Arkansas State Highway Commission v. Potts,* 240 Ark. 506, 401 S.W. 2d 3; *Arkansas State Highway Commission v. Parks,* 240 Ark. 719, 401 S.W. 2d 732, 26 A.R. 3d 775. Even though testimony pertaining to this sale might not have been admissible on direct examination, the fact that consideration was given to it was disclosed on cross-examination. In considering this sort of situation in *Arkansas State Highway Commission v. Russell,* 240 Ark. 21, 398 S.W. 2d 201, we referred to a holding that an expert witness could and should take into account a matter not independently admissible, quoting the language of Judge Learned Hand that it would be absurd to exclude a qualified expert's appraisal because he had considered inadmissible evidence and that he was allowed to appraise property because he was an expert and able to give proper weight to all data. Under authority of *Russell,* appellant was not entitled to have the value testimony stricken or to have the jury admonished not to consider the particular testimony. It should be noted that the witness involved in *Russell* was the landowner.

It has been said that such a prohibition goes against the introduction of testimony and not against the knowledge a witness may have, so that it is not error to refuse to strike the testimony of a qualified expert witness when cross-examination reveals that he took into consideration his knowledge of sales, evidence of which was not admissible. *Arkansas State Highway Commission v. Kennedy,* 234 Ark. 89, 350 S.W. 2d 526.

This case differs from *Arkansas State Highway Commission v. Griffin,* 241 Ark. 1033, 411 S.W. 2d 495, relied upon by appellant, and its companion, *Arkansas State Highway Commis-*

*sion* v. *Cromer*, 242 Ark. 462, 414 S.W. 2d 90 in which we held that testimony as to enhanced value of property taken occasioned by construction, or contemplated construction of the very improvement for which it was taken was inadmissible, because it included an element of value which is not properly a part of just compensation. No witness in this case indicated that he thought the Person property had been enhanced in value by the construction of the new highway or that this contemplated construction had any impact on its value, and it would appear that sales unrelated to the highway construction at prices as low as $1,000 influenced the witnesses in arriving at their opinions as to land values just as much as the $17,000 sale did. It was only when there were no comparable sales, in the opinion of these experts, that they made a survey for other sales. Nothing anyone could do would ever take the knowledge they had thus gathered out of their minds.

Of couse, the principal qualification of a landowner to express an opinion is his familiarity with the property. When as here, he qualifies in this respect, the adverse party must show, by cross-examination that there is no reasonable or logical basis for his testimony. *Arkansas State Highway Commission* v. *Sargent*, 241 Ark. 783, 410 S.W. 2d 381; *Arkansas State Highway Commission* v. *Shields*, 249 Ark. 710 460 S.W. 2d 746. It is axiomatic that a landowner has more leeway than does an expert in fixing values. *Arkansas State Highway Commission* v. *Mullens*, 255 Ark. 796, 502 S.W. 2d 626.

## II

THE COURT ERRED IN PERMITTING THE LANDOWNERS' WITNESSES TO TESTIFY TO THE CONTRIBUTORY VALUE OF THE IMPROVEMENTS TO THE LANDS INVOLVED WHEN SAID WITNESSES HAD NOT INSPECTED SAID IMPROVEMENTS FOR APPRAISAL PURPOSES.

These witnesses were experts, and seem to have had sufficient familiarity with the improvements on the property to express an opinion on the subject. No objection was made to

the testimony of Quattlebaum in this regard until he had left the witness stand. It was during the testimony of D'Auteuil that a motion was made to strike the testimony. The denial of a motion so tardily made is not such an abuse of the trial court's discretion as would call for a reversal. *Arkansas State Highway Commission* v. *Stallings*, 248 Ark. 1207, 455 S.W. 2d 874. But Quattlebaum had known the property for about 10 years and had been in the buildings many times, having gone to the restaurant to eat and drink coffee while in school and to eat breakfast when going duck hunting. He obtained dimensions of the buildings from drawings made by one Terrell Huff, he had talked with the owner about the details of construction and had observed photographs of the buildings, but he had never inspected the improvements for appraisal purposes before their destruction. Mr. Huff testified that he was in the real estate business and had made an inspection of the property in June 1972, at which time he made measurements of the physical improvements, both outside and inside, putting the measurements on graph paper. This paper was turned over to Quattlebaum when Huff became disabled due to defective eyesight and had to retire. The graph was introduced in evidence. There is no challenge to its accuracy.

D'Auteuil had been in the construction business for several years. He had occasion to patronize the restaurant because it was the only one open after midnight and he had eaten early breakfast there. Equipment from a restaurant he owned had been put in the building in 1971, and he had occasion to be about the property then. He also obtained dimensions from Huff and had viewed photographs of the buildings, the accuracy of neither of which is questioned. There is no indication that appellant's complaint that the witnesses were simply stating Huff's appraisal of the property is well founded.

An expert appraiser may base his testimony, at least in part, on hearsay. *Arkansas State Highway Commission* v. *Bradford*, 252 Ark. 1037, 482 S.W. 2d 107; *Arkansas State Highway Commission* v. *Busby*, 252 Ark. 383, 479 S.W. 2d 242; *Arkansas State Highway Commission* v. *Davis*, 248 Ark. 1168, 455 S.W. 2d 97. There was no abuse of the trial court's discretion in refusing to strike the testimony of these witnesses for lack of

familiarity with the improvement. See *Arkansas State Highway Commission* v. *Pullen*, 243 Ark. 759, 421 S.W. 2d 890.

### III

### THE COURT ERRED IN PERMITTING THE LANDOWNER TO TESTIFY TO THE CONTRIBUTORY VALUE OF THE IMPROVEMENTS TO HIS LANDS WITHOUT GIVING A COST LESS DEPRECIATION FIGURE.

Appellee Person testified that he acquired the property in 1955. He related the history and described the type and nature of construction in considerable detail before expressing his opinion as to the total value of the property before the taking. He valued the buildings at $54,000. He stated that the cost of construction was $42,000. He felt that the improvements were worth more when demolished than when they were built, because the labor of his family and himself was not included in the cost of construction and because he had made purchases of some materials at advantageous prices. Person had once been in the building supply business. He stated that he had sold for $75,000 a building constructed at a cost of $40,000 on two inexpensive lots. Appellant moved to strike this witness's testimony as to the value placed on the improvements because the witness did not follow the proper methods in arriving at the evaluation of the improvements. This motion was not made until after Person's testimony had been concluded and appellees had rested their case.

Appellant relied upon *Arkansas State Highway Commission* v. *Richards*, 229 Ark. 783, 318 S.W. 2d 605, as mandating deductions for depreciation from the structural cost of buildings when testing their enhancement of the market value of a tract of real estate. This rule would certainly apply if Person had testified as to the current replacement or reproduction cost of the buildings. But he did not. He told of the original cost. It has become rather commonplace for buildings to bring a much higher price on sale than the cost of construction.

It must be remembered that appellant is not objecting

here to the introduction of the evidence as to cost of construction. When this evidence is admissible, as an aid to the jury in determining market value, the most that can be said about depreciation is that *proper* deduction must be made for depreciation by wear and tear and that the character and condition of the building are matters to be considered. See *Arkansas State Highway Commission* v. *Richards,* supra; *Arkansas State Highway Commission* v. *Griffin,* 241 Ark. 1033, 411 S.W. 2d 495. But Person gave reasons why he did not think there was any functional or economic depreciation, and it was proper for economic inflation of values to be considered. See *Arkansas State Highway Commission* v. *Shields,* 249 Ark. 710, 460 S.W. 2d 746; *Arkansas State Highway Commission* v. *Griffin,* supra. According to Person's testimony, no deduction for wear and tear was proper. There was no abuse of discretion in the court's denial of this motion to strike.

The judgment is affirmed.

BYRD, J., concurs in the result.