ARKANSAS STATE HIGHWAY COMMISSION *v.* Jack PAKIS and Niobe Pakis

CA 88-67                                           758 S.W.2d 21

Court of Appeals of Arkansas
Division I
Opinion delivered October 19, 1988

*Robert L. Wilson, Philip N. Gowen,* and *Charles Johnson,* for appellant.

*Q. Byrum Hurst, Jr.,* for appellees.

JAMES R. COOPER, Judge. The appellant in this eminent domain case, the Arkansas State Highway Commission, brought an action for condemnation of 7.33 acres of the appellees' 8.8 acre tract in Hot Springs, Arkansas. The appellees filed a counter-claim alleging that the Highway Department's estimated compensation was inadequate, and seeking just compensation for the taking of their property. The jury fixed the landowners' damages at $1,363,000.00. From that decision, comes this appeal.

For reversal, the appellant contends that the trial court erred in denying its motion to strike the landowner/appellee's testimony with respect to the value of the land and improvements. We affirm.

The condemned property, acquired by the appellant because of highway construction, was zoned for commercial use and bordered on Highway 7 in Hot Springs. Several improvements are located on the property, including flea market stalls, a warehouse, a workshop, two cottages, and a 4,900 square foot residence. Jack Pakis, the landowner, testified that, in his opinion, the value of the property was $2,083,526.00. That figure included approximately $1,437,000.00 for the land itself, computed on the basis of its value as commercial property; $45,000.00 for the flea market stalls; and $390,000.00 for the residence.

■■ The appellant argues first that Mr. Pakis improperly combined residential and commercial values in his value testimony and that the trial court erred in denying its motion to strike the testimony. The Arkansas Supreme Court has held that it was error for the trial court to refuse to strike the testimony of three witnesses who testified that the highest and best use of the property was commercial, but who intermingled residential and commercial values in their opinions of just compensation for the entire property. *Arkansas State Highway Commission* v. *Toffelmire*, 247 Ark. 74, 444 S.W.2d 241 (1969). However, we are not convinced that the landowner in the case at bar combined residential and commercial values in his opinion of the value of the property. Although the $390,070.00 attributable to the residence was added to the $1,437,480.00 attributed to the commercial value of the land in the landowner's opinion of the property value, the landowner did not state that his opinion of the value of the house was based on its value as a residence, and there was testimony to show that other homes in the area had been converted into restaurants or otherwise used commercially. It is entirely proper to allow evidence of all potential uses of a landowner's property, *Arkansas State Highway Commission* v. *Griffin*, 241 Ark. 1033, 411 S.W.2d 495 (1967), and on this record we cannot say that the landowner's testimony improperly combined commercial and residential values.

Next, the appellant contends that the landowner failed to depreciate the value of the improvements, and that the trial court erred in refusing to strike the landowner's testimony on that basis. On cross-examination, Mr. Pakis stated that he did not depreciate the improvements in determining their value; in addition, he stated that, although he included an estimate of the value of the improvements in the flea market area in his opinion of the overall value of the property, he did not believe that those improvements contributed any additional value to the land.

■ Proper deduction must be made for depreciation by wear and tear when evidence of the construction and cost of buildings is admitted as relevant to the extent to which the buildings enhance the market value of the real estate. *Arkansas State Highway Commission* v. *Person*, 258 Ark. 379, 525 S.W.2d 77 (1975). In *Person*, the Supreme Court held that a landowner's testimony making no deduction for wear and tear was properly

admitted where the landowner gave reasons for his belief that there was no functional or economic depreciation. *Person*, 258 Ark. at 387. In the present case, Mr. Pakis testified that he did not apply depreciation to the residence, warehouse, or flea market area because he did regular maintenance which kept the structures in "perfect shape." An appraiser testifying on behalf of the Highway Department testified that it was readily apparent from his examination of the residence that a very stringent maintenance program had been followed. We think that Mr. Pakis offered a reasonable basis for concluding that no deduction for wear and tear was proper in this case, and we find no abuse of discretion in the trial court's denial of the appellant's motion to strike the testimony on this ground. *See Person, supra.* Nor do we think that the trial court erred in denying the motion to strike on the theory that the landowner improperly included the value of the flea market structures in his opinion of the overall value of the land. A landowner expressing an opinion based on his familiarity with the property has more leeway in fixing values than does an expert, and, to demonstrate error in the trial court's refusal to strike such testimony, the adverse party must show that there was no reasonable or logical basis for the landowner's opinion. *Arkansas State Highway Commission* v. *Person, supra.* A landowner need not be shown to be an expert on values or even to be acquainted with the market value of such property; instead, his qualification to give estimates of his property's value is based on his relationship to the property as owner. *Arkansas State Highway Commission* v. *Mullens*, 255 Ark. 796, 502 S.W.2d 626 (1973). If the landowner's values are shown on cross-examination to be founded on a questionable basis, that fact bears on the weight to be given to his testimony. *Id.* Here, the structural value of the flea market buildings was only one element of the value the landowner assigned to the entire property before the taking. Although Mr. Pakis' testimony that he did not believe the flea market buildings enhanced the market value of the property should be considered in determining the weight to be given his overall evaluation of his property's value, the trial court was not required to strike his testimony. *See Person, supra.*

Affirmed.

COULSON and JENNINGS, JJ., agree.