ARKANSAS STATE HIGHWAY COMMISSION *v.* RICHARDS.

1699                                                    318 S. W. 2d 605

Opinion delivered December 15, 1958.

784

*W. R. Thrasher, Dowell Anders, O. Wendell Hall, Jr., Ed Boyett,* for appellant.

*Ben M. McCray,* for appellee.

ED. F. McFADDIN, Associate Justice. The appellant, Arkansas State Highway Commission, proceeding under its powers of eminent domain, condemned a right-of-way through a 65-acre airport owned by appellee, Mike Richards.[1] The jury awarded Richards $50,000 as damages; and on appeal appellant argues only two points, being: (1) "The verdict is excessive in that there is no substantial evidence to support the verdict"; and (2) "The Court erred in not granting plaintiff's motion for a directed verdict of $23,250 at the close of the testimony." We consider these two points together.

The Court submitted the case to the jury on instructions about which there is no complaint; telling the jury: that the landowner's just compensation is the difference between the fair market value of the lands before and after the taking, or damage; that the landowner is entitled to recover not only for the lands taken, but also for the damages, if any, to the remaining lands not taken; and that such fair market value should be based upon the highest and most valuable purpose to which the lands could reasonably be devoted at that time or in the reasonable future.

The evidence for the landowner established that he owned a tract of 65 acres located near the City of Benton, Arkansas; that he had purchased the lands and improved them for an airport; that the lands were being used as an airport at the time of the condemnation proceedings; and that such use was the most valuable purpose for which the lands could be devoted. In order to establish this last point (as the most valuable use for which the lands could be devoted), Richards showed that he had invested in the lands, hangars, runways, and other improvements to the airport, a total in excess of $110,000; that the rental value of the airport

---

[1] Mrs. Richards was a party to the case because of dower; but we refer to the Richards as "appellee".

made a fair return on the investment. Richards showed that the State Highway Commission had condemned a strip of land for a highway right-of-way through the approximate center of the airport; that the right-of-way through Richards' airport varied from 300 to 320 feet in width, and from 1333 to 1976 feet in length; and that the strip so condemned completely destroyed the use of the land as an airport and rendered it valuable only for agricultural purposes. The strip condemned contained 12.35 acres and the lands remaining totalled 52.65 acres in two tracts, entirely separated from each other by the highway right-of-way. Thus, the use of the lands as an airport was completely destroyed; and witnesses for Richards testified that the two tracts remaining were valuable only for agricultural or grazing purposes, and had a value, as such, of about $100.00 per acre, or a total of $5,265.00.

The appraiser for the Highway Department testified that the total value of appellant's 65-acre tract was only $48,750 before the taking, and that after the taking the lands remaining[2] were worth $25,500. Thus, the appraiser for the Highway Department fixed $23,250 as the maximum amount that Richards should recover. Appellant says that what Richards spent in improving the airport is not the test of value; and appellant is correct in such statement; but the cases recognize that when there is no readily ascertainable market value for the property in the particular use to which it is devoted (as an airport in the case at bar) then the cost of the property is admissible—not as a substitute for market value, but—as an aid to the jury to assist it in determining the market value. The rationale of the holdings is summarized in Nichols on "Eminent Domain," 3rd Edition,[3] Volume 4, § 12.313, in this language:

"Cost as criterion. As has been stated previously where the character of the property is such as not to

[2] This witness stated that the 52.65 acres remaining after the taking were worth $750.00 per acre; whereas, witnesses for Richards placed such value at only $100.00 per acre. This difference between the witnesses as to value of the 52.65 acres remaining would be $34,222.00.

[3] For additional discussion, see also the same work, Volume 5, § 20.1.

be susceptible to the application of the market value doctrine, resort has been had, among other things, to the original cost of the property, or to the current cost of reproduction less depreciation. Market value, it has been held, is not equivalent to the amount expended for the property by the owner.

"The proper measure is the market value of the land with the buildings upon it, and the owner therefore receives nothing for the buildings unless they increase the market value of the land. Accordingly, evidence of the structural value of the buildings is not admissible as an independent test of value. When, however, it is shown that the character of the buildings is well adapted to the location, and structural cost of the buildings, after making proper deductions for depreciation by wear and tear, is a reasonable test of the amount by which the buildings enhance the market value of the property. As in other cases of determining market value, not only the character and condition of the building, but also the uses to which it might be put, are matters for consideration.

"As a general rule the market value of the property is the measure of damages, and, ordinarily, the cost of construction is not material, and especially the cost of some particular improvement, which, however convenient to the owner, may not correspondingly increase the market value. When there is nothing to show that the cost of a particular improvement would aid in determining the market value of the whole estate, or that the value of the whole estate would depend closely on the cost in detail of improvements made upon it from time to time, evidence of such cost should be excluded. When, however, it appears by independent evidence or by reasonable inference that a building or other improvement erected upon the land tended to adapt the property to the use to which it could most advantageously be put, and there is nothing to show that the sum paid for its construction was not paid in good faith and under normal conditions, it cannot be said as a matter of law that the cost would not assist the jury in arriving at

the market value of the whole estate, and in such a case evidence of the cost is admissible.

"The admissibility of such evidence has in some cases been left to judicial discretion."

Giving the evidence its strongest probative force to sustain the verdict, as is our rule on appeal,[4] we reach the conclusion that the amount awarded is not excessive.

The judgment is affirmed.

WILLIAM J. SMITH, J., not participating.

HOLT and ROBINSON, JJ., dissent.

---

[4] See *Albert* v. *Morris*, 208 Ark. 808, 187 S. W. 2d 909, and cases there cited.