ARK. STATE HIGHWAY COMM. *v.* BRYANT.

5-2356                                    349 S. W. 2d 349

Opinion delivered September 18, 1961.

[Rehearing denied October 16, 1961.]

*Dowell Anders, Thomas B. Keys & H. Clay Robinson,* for appellant.

*Kaneaster Hodges,* for appellee.

SAM ROBINSON, Associate Justice. The Arkansas Highway Commission condemned for highway purposes about one-half acre out of a 23-acre tract belonging to appellee. On the one-half acre there was partially located a combination store building and residence. There was a verdict in the sum of $14,000 in favor of the landowner for damages sustained, and the Highway Department has appealed.

Appellant complains of the action of the trial court in admitting as evidence the cost of relocating and reconstructing the above mentioned building and in not striking from the record the testimony of several witnesses, contending that such witnesses did not arrive at an estimate of damages by making a determination of the value before and after the taking. Each witness called by appellee testified as to the value of the property before the taking and the value after the taking. This is the correct measure of damages. *Arkansas State Highway Comm.* v. *Fox,* 230 Ark. 287, 322 S. W. 2d 81 and cases cited therein.

The damages estimated by appellee's witnesses ranged from $16,100 to $20,000. Two witnesses testified for appellant, one giving his estimate of damages at $8,750 and the other at $8,500. True, witnesses for the landowner, both on direct and cross examination, went into considerable detail as to how they arrived at the before and after values. An explanation of that kind is entirely proper. We said, in *Arkansas State Highway Comm.* v. *Byars,* 221 Ark. 845, 256 S. W. 2d 738: "Where a witness gives his opinion as to damages, such testimony must be considered in connection with related facts upon which the opinion is based."

Appellant argues that a new trial should have been granted by the trial court because one O. E. Guinn served as a juror in the case. He had been subpoenaed as a witness and he was an associate of Mr. W. R. Pratt, an expert who testified in favor of appellee. The subpoenaing of Mr. Guinn must have been an error, because at the hearing on a motion for new trial, he testified that he had not appraised appellee's property. He further testified that he was associated with Mr. Pratt, witness for appellees. ''The relationship of a juror to a witness in the trial does not per se disqualify the juror.'' *Jones* v. *State,* 230 Ark. 18, 320 S. W. 2d 645. Ark. Stats. § 39-103 provides that no person subpoenaed as a witness shall be sworn in the same cause as a juror. But the statutes further provide that an objection to such person serving as a juror must be made before he is sworn as a juryman. Ark. Stats. § 39-115.

There is substantial evidence to sustain the verdict, and we find no error.

Affirmed.

BOHLINGER, J., not participating.