5-3781                                    400 S. W. 2d 276

Opinion delivered February 28, 1966
[Rehearing denied April 4, 1966.]

*Mark E. Woolsey* and *Don Langston,* for appellant.

*Robinson & Rogers,* for appellee.

FRANK HOLT, Justice. In this eminent domain proceeding the appellant took 45.37 acres of a 119-acre tract of appellees' land for interstate highway construction purposes. The appellees presented evidence that they suffered damages between the amounts of $60,-000.00 and $90,000.00. According to appellant's evidence, $40,000.00 was just compensation to the appellees. The jury assessed the damages at $70,000.00 and from a judgment accordingly comes this appeal.

For reversal appellant first contends that: "The trial court erred in permitting testimony as to the agricultural production of the land which had a highest and

best use for industrial purposes.'' Appellees presented evidence that their land was being used for agricultural purposes and, further, that it had an industrial potential by reason of it being adjacent to the Missouri Pacific Railroad tracks, its proximity to the Arkansas River, and being located partially within the Van Buren city limits with all utilities and transportation facilities available. The property was zoned for industrial purposes by the Van Buren Planning Board. According to appellees' evidence the value of the remaining property was greatly reduced for agricultural purposes by reason of being cut into small distorted tracts. This adversely affected the irrigation of the lands and the harvesting and the removal of his crops. The appellees also presented evidence that the construction of this interstate facility diminished the accessibility to their remaining lands to such an extent that the industrial potential was virtually destroyed.

The trial court properly admitted the landowners' proof as to both the agricultural use and the industrial potential of their land. The proof should not be limited to either. Our rule is succinctly stated in the case of *Ft. Smith & Van Buren Bridge Dist.* v. *Scott,* 103 Ark. 405, 147 S. W. 440. There we said:

"The measure of the owner's compensation for the land condemned is the market value thereof at the time of the taking for all purposes, comprehending its availability *for any use* to which it is plainly adapted, as well as the most valuable purpose for which it *can be used* and will bring most in the market." [Emphasis ours]

See, also, *Arkansas State Highway Comm.* v. *O and B, Inc.,* 227 Ark. 739, 301 S. W. 2d 5. In the case at bar the appellees had the right to show all the purposes to which their land is adapted in order for the jury to determine just compensation.

Appellant's next two points can be discussed to-

gether since they relate to the trial court's alleged error in permitting certain witnesses to testify. Appellant argues that these witnesses are not competent to express their opinion as to the value of the lands for industrial purposes although they might be qualified as value witnesses for agricultural purposes. One of these witnesses has lived in Crawford County for forty years and for the past thirteen years has been general manager of the local Co-op which had owned the land in question and sold it to the appellees about 1960. He testified that he and his associates had sold land within one-fourth mile of appellees' property and that he personally owned some industrial land in this area. According to him he was familiar with the market value of the lands generally in the area and the value of appellees' land before and after the acquisition by appellant. Another witness, a local county agricultural agent for nearly eighteen years, testified that he had knowledge of the productivity and fair market value of the land in this area, including appellees', and that he was familiar with the industrial potential of appellees' land. His knowledge of the industrial potential was acquired from pricing and trying to buy industrial land in this area. Also, he had acquainted himself with actual sales in the area. The court properly permitted these witnesses to testify as to the market value of appellees' property from the standpoint of both the agricultural and the industrial aspects.

In *Malvern and Ouachita River Railroad Co.* v. *Smith,* 181 Ark. 626, 26 S. W. 2d 1107, we said:

"We think no error was committed in permitting the witnesses to express their opinion, where it was shown that they had some knowledge of the facts about which they testified. * * * and whether a witness has such knowledge of the facts as to make his opinion of any value is a question largely within the discretion of the trial judge, and the value of such testimony may be tested by a cross-examina-

tion of the witness as to the facts upon which the opinion is based."

See, also, *Arkansas Power & Light Co.* v. *Morris,* 221 Ark. 576, 254 S. W. 2d 684; *Ball* v. *Independence County,* 214 Ark. 694, 217 S. W. 2d 913, and *Housing Authority of City of Little Rock* v. *Winston,* 226 Ark. 1037, 295 S. W. 2d 621.

In the case at bar the witnesses demonstrated they had knowledge of the facts about which they testified. The extent of their knowledge was ably and thoroughly sifted upon cross-examination by appellant. Certainly there was no abuse of discretion by the trial court in admitting their testimony. It was within the province of the jury to determine the weight to be given their opinion as to appellees' just compensation.

Affirmed.