ARK. STATE HWY. COMM. *v* A. L. YOUNG

5-4049                                    410 S. W. 2d 120

Opinion delivered January 9, 1967

*George O. Green* and *Don Langston,* for appellant

*Floyd G. Rogers,* for appellee.

CONLEY BYRD, Justice. This appeal is brought by the Arkansas State Highway Commission from a jury award in an eminent domain proceeding in favor of the property owner, A. L. Young. In addition to questioning the sufficiency of the evidence, the Highway Commission alleges that the trial court committed error in overruling its motion to strike from the jury panel for cause the wife of an expert witness used by the landowner. We hold that the evidence was sufficient to sustain the verdict, but that the trial court committed error in refusing to strike from the jury panel for cause a wife of one of the witnesses on value.

The record shows that twenty veniremen had been summoned for the jury panel, one of whom was Mrs. Catherine Ragge. The Highway Commission, before the jury was sworn, pointed out to the court that Ken Ragge, the husband of juror Catherine Ragge, was go-

ing to testify on behalf of the landowner with respect to values and moved that Mrs. Ragge be struck from the jury for cause. Mrs. Ragge stated that she had not discussed the matter before the court with her husband and that she would not believe him above any other witness in the case. Following the interrogation the trial court refused to excuse Mrs. Ragge for cause.

Since the Highway Commission exhausted all of its peremptory challenges under Ark. Stat. Ann. § 39-229 (Repl. 1962), one of which was used to strike Mrs. Ragge, it is in a position to complain of any error of the trial court in refusing to strike a juror for cause. *Collins* v. *State*, 102 Ark. 180, 143 S. W. 2d 1075 (1912).

Our statutory law disqualifies jurors who are related to either party or his attorney within the fourth degree of consanguinity or affinity, but makes no reference to jurors related to witnesses. In the cases before this court the relation of a juror to a witness has usually arisen or been brought to the attention of the court after the jurors were selected and the trial started, *Jones* v. *State*, 230 Ark. 18, 320 S. W. 2d 645 (1959), or the matters to which the witness (relative) testified were uncontroverted matters such as occurred in *Arnold* v. *State*, 150 Ark. 27, 233 S. W. 818 (1921).

When one uses the polestar that ''justice ought not only to be fair, but appear to be fair,'' logic points to an abuse of discretion by the trial court. The facts in this case show that Mr. Ragge, a professional appraiser, testified that the damages to the property owner as a result of the eminent domain proceeding amounted to $70,700.00, while the witnesses for the Highway Commission testified that the damages did not exceed $23,-100.00. It does not stretch the imagination to say that the very presence of a witness' close relative on the jury would tend to inhibit the frank discussion necessary in a jury room for arriving at an impartial verdict—for what prudent banker or merchant on the jury, who was inclined to believe the witnesses for the Highway Com-

mission, would care to criticize Mrs. Ragge's husband to her face?

Consequently we hold that where, as here, a close relative is a witness to a controverted issue in the case and the matter is brought to the attention of the trial court before the jury is sworn, it is an abuse of discretion for a trial court to refuse to strike a relative from the jury for cause. See Ark. Stat. Ann. § 39-115 (Repl. 1962) and *Ark. State Highway Comm.* v. *Bryant,* 233 Ark. 841, 349 S. W. 2d 349 (1961), where the matter is not brought to the attention of the court before the jury is sworn.

In view of the fact that the sufficiency of the evidence to sustain the verdict will likely be an issue on retrial, we point out that we have reviewed the testimony of the witness called by the property owner and find that it is supported by sufficient related facts and opinions to have a fair and reasonable basis to sustain the verdict.

For the error above set out the matter is reversed and remanded for a new trial.