ARKANSAS STATE HIGHWAY COMM'N *v.*
Margaret Warren TOFFELMIRE

5-4959                                                  444 S. W. 2d 241

Opinion delivered September 8, 1969

*Thomas B. Keys* and *Kenneth R. Brock,* for appellant.

*Mobley, Bullock & Harris,* for appellee.

Lyle Brown, Justice. The home of appellee, Margaret W. Toffelmire, is located in downtown Dardanelle and it is conceded that the highest and best use for her property at the time of taking by the State Highway

Commission was for commercial purposes. The Commission acquired by eminent domain a portion of the front yard which moved the right of way line to a point close to the residence. The construction program was necessary to relocate the approaches of State Highway 7 to the new Dardanelle Bridge, which is a short distance from the Toffelmire home. The jury determined just compensation to be $30,000. On appeal the Highway Commission contends that the court erred in not striking the value testimony of three of the landowner's witnesses. The asserted contention is well taken and calls for reversal.

Witnesses Toffelmire, Ross, and Pledger committed the same error. They all testified that the highest and best use of the entire property at the time of the taking was commercial. Yet in arriving at just compensation they intermingled residential and commercial values. One example will suffice, being the figures of witness Pledger:

Before Values: Land (commercial) $40,964; Improvements (residential) $28,153. After Values: Land (commercial) $12,100; Improvements (commercial) $7,850.

Clearly, in a commercial use evaluation, the value of the improvements, both before and after the taking, should have been based on commercial worth. Our case of *Arkansas State Highway Comm'n v. Griffin,* 241 Ark. 1033, 411 S. W. 2d 495 (1967), sets out the rule. There we said "a verdict rendered by a jury which was partially based on testimony relating to commercial value of the land, and partially based on testimony relating to the land's value for residential purposes, would not be proper . . ."

The only other expert witness for the landowner was Merle Lemley and the Commission asks us to hold as a matter of law that his testimony was not based on

substantial evidence. In view of the probability of another trial we should comment on the point. That testimony was so inherently weak as to make it insubstantial. For example, the witness valued the land at $5.00 per square foot without knowledge of any comparable sale, just his asserted general experience; in fact he testified that he saw no merit in the use of comparables; he admittedly did not know the meaning of a "controlled-access facility"; and he insisted that the condemnor had permanently deprived Mrs. Toffelmire of frontage access to the highway, in which impression he was in error. Finally, in fixing the value before the taking, he placed no value on the residence, whereas he did give it a value after the taking.

If we offered a remittitur, which we are asked to do, we would need fix a figure which we feel certain the State should pay, and which the landowner is clearly entitled to recover. There is one element of damage on which there is an absence of evidence. The highway department has constructed a retaining wall along the entire front of the Toffelmire property with no allowance for ingress and egress. The department assumed Mrs. Toffelmire would continue to use the property for residential purposes and in that situation the wall would be of advantage to her. (The entrance used by her is on the side of the house.) In fixing damages for commercial use we have to say she has no frontage entrance and exit because that is in keeping with the plans and specifications. The highway department argues, and correctly so, that Mrs. Toffelmire can obtain a permit for ingress and egress since the area is not a controlled access facility. The type of access is in the discretion of the department and the bureau of public roads; so it would be entirely speculative as to what type of access would be granted. Nor does the present record afford us any estimate of damages peculiarly applicable to the retaining wall.

Reversed and remanded.