ARKANSAS STATE HIGHWAY COMM'N *v.*
ROY CARRUTHERS ET UX

5-5232                                           453 S. W. 2d 407

Opinion delivered May 11, 1970

*Thomas Keys, Kenneth Brock & Hubert Graves,* for appellant.

*Gordon, Gordon & Eddy,* for appellees.

GEORGE ROSE SMITH, Justice. This is the second appeal in a condemnation case in which the highway department is taking, as a right of way for Interstate 40, a 29.27-acre strip (plus a construction easement) across the appellees' lands, which total 740 acres. The first

judgment was reversed because of an error by which hearsay testimony about the cost of a bridge was admitted in evidence. *Ark. State Highway Commn.* v. *Carruthers,* decided April 7, 1969, 439 S. W. 2d 40. At the second trial the verdict was for $50,000. The department relies upon two points for reversal.

First, it is argued that the landowners should not have been allowed to show the cost of an "all-weather" road that is assertedly needed to provide access to part of the property. The road in question, which includes a bridge, will be a means of access to an 85-acre parcel that was already isolated on the east by Point Remove Drainage Canal and that will hereafter be isolated on the south by Interstate 40.

It is recognized by the appellant that if the access road is really needed, then its cost is a proper matter for the jury to consider in fixing the landowners' just compensation. *Ark. State Highway Commn.* v. *Speck,* 230 Ark. 712, 324 S. W. 2d 796 (1959). But the appellant insists that an all-weather road is not required to restore the property as a whole to its former usability, because the landowners did not have all-weather accessibility before the 85-acre tract was isolated by the new interstate highway.

On the record we cannot sustain the appellant's contention. The landowners' expert witness on the cost of building the road did not use the term "all-weather" (which was used only by the landowners' attorney in an unanswered question to the witness). Instead, the witness said that in his opinion a crushed-stone or gravel road is going to be needed to provide access to the isolated tract. Whether such a road will truly be required to restore the tract's former accessibility was a question of fact upon which the landowners offered substantial evidence to sustain their position. The highway department, despite its knowledge from the testimony at the first trial that the point would be a major issue in the case, did not submit proof to show either that the crushed-stone road will not be needed

or that it will not cost as much as the landowners' witness estimated. We conclude that the issue was properly a question of fact for the jury's determination.

Secondly, the appellant, citing *Ark. State Highway Commn.* v. *Toffelmire,* 247 Ark., 444 S. W. 2d 241, argues that the landowners' expert value witnesses were improperly allowed to exaggerate the damage to part of the property by valuing it as an airport site before the taking and as agricultural land after the taking. In the *Toffelmire* case we held that improvements should not be valued for residential use before the taking but for commercial use afterwards.

We find no error. In the case at bar what is referred to as the Morrilton Airport was situated on the property and was owned by the landowners. Used mainly for crop dusting, it comprised a 4,000-foot cleared runway plus appurtenant improvements. The interstate highway will cut the runway in two, destroying the airport. The landowners' witness Pearce, for example, assessed $11,500 damages for the loss of the airport and also testified that after the taking an entire 118.7-acre tract, of which the airport had been a small part, would be reduced in value by $15 an acre for agricultural purposes.

In the *Toffelmire* case the jury had no way of reconciling the two conflicting valuations of the same structure. But here the airport was destroyed, so that no after-valuation was assigned to it as such. We find nothing in the testimony that could have confused or misled the jury, which in this instance had all the facts before it. Moreover, even if an error were shown, it would apparently be substantially less than 1% of the verdict and would be susceptible of correction by a remittitur. The highway department, however, has not requested that relief nor furnished us with the evidence necessary to the computation of the trivial excess; so we do not explore the matter of a possible remittitur.

Affirmed.