ARKANSAS STATE HIGHWAY COMM'N *v.*
ALMA SUMMERS WALLACE

5-5334                                            459 S. W. 2d 812

Opinion delivered October 26, 1970
[Rehearing denied December 14, 1970.]

*Thomas B. Keys* and *Billy Pease,* for appellant.

*Gordon, Gordon & Eddy,* for appellee.

FRANK HOLT, Justice. This case, before us for the second time, is a condemnation proceeding in which appellant acquired a strip of land, 750 feet long and 150 feet wide (2.55 acres), from appellee's 143-acre tract. The acquisition was needed for the construction of approaches to a new bridge on Highway No. 9 across the Arkansas River near Morrilton. The acquired strip severs appellee's property, leaving 129.75 acres on the east side. The western residual, upon which the headquarters, barns and other improvements are all located, consists of only 10.7 acres.

Upon first appeal we reversed on direct and cross-appeal. *Arkansas State Highway Commission* v. *Wallace,* 247 Ark. 157, 444 S. W. 2d 685. On remand, each of appellee's two expert value witnesses testified that the highest and best use of the property was for residential development, one placing just compensation at $26,250 and the other estimating damages at $26,425. Appellant's only appraiser testified that just compensation would be $7,000. The jury awarded $20,000. From that judgment comes this appeal.

Appellant first contends for reversal that the trial court erred in denying its motion to strike that portion of the testimony of C. V. Barnes, one of appellee's expert value witnesses, regarding damage to farm buildings. Barnes testified that because the dairy barns and related buildings were all located on the small western sector after severance of the property, their utility was impaired for any future use in the dairy operation, thus damaging appellee in the amount of $3,500. Appellant argues that since Barnes had previously stated that the highest and best use of the property was for residential purposes and had substantially derived his estimate of damages from that premise, his subsequent testimony concerning damage to the farm buildings was improper inasmuch as those buildings could not have contributed anything to the value of the property for urban development.

Appellant, however, is overlooking a decisive consideration—*i. e.*, the use of the property as a continuing or interim dairy farm is not inconsistent with its gradual conversion into a residential area. While an owner is not entitled to double recovery by separately proving and then compounding the values of the different uses to which his land 'was adaptable in arriving at the sum of his due compensation [see Nichols on Eminent Domain, 3d ed., Vol. 4, § 12.314, and 27 Am. Jur. 2d, Eminent Domain, § 314], nonetheless, where the various uses attested to are not inconsistent, estimated values of such uses constitute properly admissible damage evidence. See *Arkansas State Highway Comm.* v. *Brewer,* 240 Ark. 390, 400 S. W. 2d 276 (1966); *Ft. Smith & Van Buren Dist.* v. *Scott,* 103 Ark. 405, 147 S. W. 440 (1912).

In the case at bar, witness Barnes substantiated his estimates with competent testimony as to the value, nature and use of the property as a dairy farm and, also (as shall be discussed in appellant's next point for reversal) sufficiently demonstrated an increasing demand for the property as a residential development site. Certainly a future purchaser of the Wallace property might well desire to continue the interim use of the dairy operation to offset any costs and interest charges that might

exist during the piece-meal process of housing development. There is nothing incompatible about or inconsistent in these two uses of the property.

Appellant next asserts that the trial court erred in not granting its motion to strike witness Barnes' value testimony since it was founded upon the premise that the property had a different highest and best use (residential development) than its use at the time of taking without a showing of sufficient demand for the different highest and best use. A similar issue was raised in *Arkansas State Highway Comm. v. Leavell,* 246, Ark. 1049, 441 S. W. 2d 99, wherein we noted that although compensation must be based on present market value and not upon speculative anticipation of future development, nonetheless it does not necessarily follow that present usage is the most adequate or conclusive criterion for determining that market value. In the instant case, despite the fact that the land is presently used as a farm, its demonstrated suitability for prospective building purposes at the time of taking undoubtedly had an effect on its market value. Witness Barnes cogently substantiated his conclusion, as did the expert witnesses in the *Leavell* case, that the highest and best use of the property is for urban development. He testified that the town is already expanding toward it; that it is adjacent to another area recently developed for residential purposes; that its topography is very appropriate for housing construction; that all utilities are available to the property; that it has good access to a paved thoroughfare; that it is a mile and a half from the central business district of Morrilton; and that it is conveniently located to a neighborhood church, school, theatre and shopping facilities.

In its third point for reversal, appellant argues that the trial court erred in not striking all of witness Barnes' testimony because it allegedly contained a non-compensable element of damages which was neither distinguishable nor separable from the total estimated damges. The asserted non-compensable element is the lessened accessibility from one side to the other of ap-

pellee's severed property which was taken into consideration, without a specific designation of monetary damage, by witness Barnes in his overall appraisal of just compensation. However, we do not consider this to be a non-compensable element of damages. Appellant acquired its strip of land in fee simple. Such a taking necessarily affected appellee's right of ingress and egress and thereby effected a depreciation in the market value of her property. This constitutes a compensable element of damages even though it is impossible to ascribe to it a certain monetary figure. See *Arkansas State Highway Comm.* v. *Wallace, supra.* There we observed:

> [C]ertainly an informed prospective buyer, in noting the fee taking, would realize that his access to the highway would surely be subordinated to the needs of the highway department and those political subdivisions or utilities utilizing the untraveled portion of the right-of-way.

Since the taking in fee and resulting limited right of ingress and egress constitute a compensable element of damages, it necessarily follows, in the case at bar, that appellee's lessened accessibility from one side of her property to the other, directly caused by her limited right of ingress and egress over appellant's acquired fee simple strip which severs her property, is also compensable. Witness Barnes' testimony in this regard was therefore permissible.

In its next point for reveral, appellant again urges that the trial court erred by refusing to strike all of witness Barnes' value testimony in that it contained still another non-compensable and inseparable element of damages. Appellant insists that Barnes' consideration of damages resulting from the property abutting both sides of the highway was impermissible. Support for this position is asserted by citing *Campbell* v. *Ark. State Highway Comm.*, 183 Ark. 780, 38 S. W. 2d 753 (1931), wherein we held that a property owner should not recover compensation "* * * for noise, dust and matters of that sort, which, in varying form, are incidents to living

upon a public highway or street and, as such, must be borne by all owners of abutting property." In the case at bar, however, Barnes' estimated damages in this regard were premised upon the special depreciation for residential purposes in the value of the lands which are immediately adjacent to the highway (a fee simple acquisition with multiple incidental usages), and not upon the noise or dust nuisances resulting therefrom. Since the highest and best use of the property is said to be for residential development, the lessened value of those lands abutting the highway is certainly a consideration which a prudent purchaser would take into account. The depreciation factor, rather than the elements of nuisance, is what was attested to; and, as such, it was properly admitted into evidence.

Finally, appellant contends, that the trial court erred in refusing to instruct the jury that appellee, as an abutting property owner, has an easement in the non-controlled access highway for purposes of ingress and egress which exists even though appellant's acquisition is in fee simple. Upon the first appeal of this case [*Arkansas State Highway Comm. v. Wallace, supra*], we found error in the court's giving of a similar instruction. In effect, the appellant now asks that we recede from our disapproval of such an instruction and hold "that where a landowner abutting a highway has *reasonable access,* then he is entitled to no compensation from the Commission for the taking of that access until such time as it is *substantially impaired"* by the taking in fee. We unhesitatingly adhere to our view that "a fee simple taking under Act 419 places the predominant control of all lands within the right-of-way in the Commission; that the utilization of the acquired property for highway purposes and for such purposes as are delegated to political subdivisions and utilities will as a matter of law take precedence over all other uses; and that Mrs. Wallace's use of the highway for going in and out of her property can reasonably expect to be affected."

Affirmed.