## HOUSING AUTHORITY OF THE CITY OF LITTLE ROCK, ARKANSAS *v.* Gussie ALMAN

5-5556 466 S. W. 2d 266

Opinion delivered May 3, 1971

*Smith, Williams, Friday & Bowen;* By: *John T. Williams* and *William L. Terry,* for appellant.

*Moses, McClellan, Arnold, Owen & McDermott,* for appellee.

JOHN A. FOGLEMAN, Justice. This condemnation proceeding involves the taking of certain lots in Little Rock. Appellee Gussie Alman questioned the right of appellant to exercise the power of eminent domain and caused the transfer of the case to chancery court. That contention

has now become unimportant. The chancellor heard four qualified expert witnesses called by appellee and two called by appellant on the value of the lands taken. The court found that the testimony of Lewis Block, one of appellee's witnesses, was rather clear and specific on all points and that this appraisal fixed the value of the property at $114,335.08, and awarded that amount as compensation.

Appellant contends that the decision of the chancellor is against the preponderance of the evidence and is not supported by substantial evidence, that the value fixed by the chancellor was excessive and that Block erroneously added the value of certain improvements to the land value in arriving at his valuation of the property taken. We agree on the latter two points, but we are unable to say that the chancellor's finding as to the land value fixed by Block is clearly against the preponderance of the evidence.

There is no substantial dispute as to the physical condition of the property, its size, location and the uses to which it was being put or might be put. The area of the property was 31,900 square feet.

Mr. Block has been engaged in the real estate business in Little Rock for about 46 years. In spite of a long familiarity with the property, he testified that he went all over it when appellee asked for an appraisal. He testified that the highest and best use of the property was for commercial and industrial purposes for a warehouse, wholesale business or manufacturing. For that use he fixed a land value of $3 per square foot or $95,700. He added to this land value $18,635.08 for improvements, consisting of residential rental property. As comparable sales, he considered sales made by his company, and did not check others because these seemed sufficient to him to establish market value and because of his knowledge and experience in real estate values in Little Rock. It was his opinion that one could not arrive at a fair market value of commercial and industrial property without considering the improvements on it.

Appellant questioned the comparability of the sales considered by Block, because they were located either on Broadway or east of it. Block testified, however, that the subject property was only one block off Broadway, which he said was one of the busiest streets in Little Rock, and one block off West Ninth, on which he said there was a tremendous amount of traffic. Jack Farris, another of appellee's expert witnesses, testified that the highest and best use of the property was for purposes other than residential, mentioning distribution warehouses, retail business and garages as specific potential uses. He also found sales on Broadway to be fairly comparable, although he found no directly comparable sale in which the Housing Authority had not been involved.

Ralph Sprigg, retired real estate manager for the Kroger Company, now engaged as a real estate broker and property manager, valued the property at $103,675. Morris High, another real estate broker, who also bought and sold property for himself, valued the land at $110,000. He considered that the highest and best use of the property would be as an annex to Mount Holly Cemetery, across the street, and the next best for warehousing. These witnesses did not consider sales that appellant's experts considered comparable. All of appellee's expert witnesses, other than Block, stated that the present improvements on the property added nothing to its value for its highest and best use.

No useful purpose would be served by outlining the testimony of appellant's expert witnesses, both of whom are under contract with the Housing Authority to perform specific appraisal duties. One of them fixed the value of the property at $51,000 and the other at $54,000. They considered the highest and best use to be for commercial purposes. They found no market value in the improvements in addition to the land value except for whatever salvage value there might be. One of them did not consider sales on Broadway comparable because of the heavier traffic concentration there.

We cannot say that the sales considered by appellant's witnesses were more nearly comparable to the condemned

property than those considered by appellee's experts as a matter of law. Neither can we say that the chancellor's finding Block's testimony to carry the greatest weight is clearly against the preponderance of the evidence. We do find that Block included an impermissible item in his total value. The practice of intermingling of present values of residential improvements with land values based on a present highest and best use for commercial uses to arrive at present market value was condemned in *Arkansas State Highway Commission* v. *Toffelmire*, 247 Ark. 74, 444 S. W. 2d 241. In *Arkansas State Highway Commission* v. *Griffin*, 241 Ark. 1033, 411 S. W. 2d 495, we said that a jury verdict based partly on commercial value of land taken and partially on testimony relating to the land's value for residential purposes would not be proper. Yet this is exactly the basis of the chancellor's award. We do not mean to say that testimony as to the value of residential improvements on land should not be admitted when there is a fact question as to the highest and best use of the property or when the improvements are such that they enhance the market value of the property. See *Arkansas State Highway Commission* v. *Brewer*, 240 Ark. 390, 400 S. W. 2d 276; *Arkansas State Highway Commission* v. *Wallace*, 249 Ark. 303, 459 S. W. 2d 812; *Arkansas State Highway Commission* v. *Richards*, 229 Ark. 783, 318 S. W. 2d 605. But no witness, not even Block, testified that the buildings on this property would affect its market value for the agreed highest and best use.

Since the trial here is de novo and the error in the chancery court can be accurately evaluated in dollars and cents, we can correct that error by reducing the judgment awarded in the court's decree. We modify the decree by reducing the award to $95,700, and affirm the decree as thus modified.