ARKANSAS STATE HIGHWAY COMM'N *v.* JOHN F. HAWKINS ET UX

5-5656                                            474 S.W. 2d 673

Opinion delivered January 10, 1972

*Thomas B. Keys, Charles E. Yingling, Jr.* and *Hubert E. Graves,* for appellant.

*Joe T. Gunter,* for appellees.

GEORGE ROSE SMITH, Justice. This is a condemnation suit in which the highway department is taking 19.01 acres out of the appellees' 64-acre tract of farm land. In appealing from a verdict and judgment fixing the landowners' compensation at $12,500 the department argues two points for reversal.

First, the landowners' expert witness, Terrell Huff, testified that the highest and best use for the property, which lies near the city of Beebe, would be to subdivide it into residential homesites. The witness was also allowed to testify, over objection, that the house and barn on the property had a value of $8,639. It is now insisted that the latter testimony should have been excluded, on the theory that the improvements added nothing to the value of the property as a prospective municipal subdivision. Huff, however, also testified that the agricultural improvements were vital to the landowners' farming operations until such time as the property is actually divided into town lots. Upon practically identical facts we held such testimony to be admissible. *Arkansas State Highway Comm'n* v. *Wallace,* 249 Ark. 303, 459 S. W. 2d 812 (1970).

Secondly, despite Huff's testimony that the landowners' total damages were $19,183, the highway department insists that there is no substantial evidence to support an award of $12,500. Specifically, it is argued that Huff's reliance upon several comparable sales was completely discredited on cross examination, because he could not state that the other purchasers had bought the comparable tracts for the purpose of developing them as residential homesites. Counsel cite Nichols, Eminent Domain, § 21.31 (3) (3d ed., 1969), and *State ex rel. Publicity & Parks Comm.* v. *Earl,* 233 Ark. 348, 345 S. W. 2d 20 (1961). Nichols states that where the tract in question is being valued for a specific use, "evidence of comparable sales of property for inconsistent uses is not admissible."

That principle has no application here, for no inconsistency of use appears. Huff valued the property in

question at $420 an acre before the taking. Among other comparable sales he cited the Smith-White transfer, also for $420 an acre. In comparing the two tracts, he stated that the Smith-White tract had no better access to public utilities than the Hawkins property had and that the Smith-White tract was farther away from the highway and from the Beebe city limits than the Hawkins property was. Thus the witness made a prima facie showing of comparability. There is no indication whatever that the Smith-White tract was bought for a purpose inconsistent with, or more valuable than, that of municipal development. It is certainly not an essential element of comparability that the purchaser be shown to have bought the other property for the specific purpose of municipal development. If the two tracts can fairly and reasonably be said to be comparable, then the other person's subjective intent in making his purchase is not of controlling importance.

Affirmed.