ARKANSAS STATE HIGHWAY COMM'N *v*
C. L. SMITH ET UX

5-5772                                          477 S.W. 2d 170

Opinion delivered March 6, 1972

*Thomas B. Keys, Charles Yingling, Jr.* and *Hubert Graves,* for appellant.

No brief for appellees.

GEORGE ROSE SMITH, Justice. The highway department, in appealing from an $8,500 verdict and judgment

in this condemnation case, argues two grounds for reversal.

First, it is insisted that the landowners' expert witness, W. L. Robertson, had no reasonable basis for his valuation, because he relied upon certain comparable sales without being able to show that those purchasers bought the lands for the same purpose that constituted the highest and best use for the tract now in issue. That same argument was rejected recently in an opinion that was delivered after the appellant's brief in the case at bar was printed. *Ark. State Highway Comm.* v. *Hawkins,* 251 Ark. 718, 474 S.W. 2d 673 (1972). We adhere to the view that we expressed there: "If the two tracts can fairly and reasonably be said to be comparable, then the other person's subjective intent in making his purchase is not of controlling importance."

Secondly, after the witness Robertson, a real estate dealer, had stated his qualifications as an expert, counsel for the highway department asked permission to conduct a further voir dire examination before the witness gave his testimony in chief. We cannot say that the trial judge's denial of that request was error. The trial court must necessarily be accorded a wide discretion in controlling the examination of witnesses. Ark. Stat. Ann. § 28-703 (Repl. 1962); *Ark. State Highway Comm.* v. *Dipert,* 249 Ark. 1145, 463 S.W. 2d 388 (1971); *Beam* v. *Parsons,* 245 Ark. 380, 432 S. W. 2d 768 (1968). In the court below, counsel for the condemnor searchingly explored the witness's qualifications on cross-examination. The jury was apparently impressed, for the verdict was less than half the figure fixed by the witness as just compensation. We can find in the trial court's ruling neither any abuse of discretion nor any prejudicial effect upon the condemnor's rights.

Affirmed.