ARKANSAS STATE HIGHWAY COMMISSION
*v.* Marvin A. PEARROW et ux

CA 80-497                                    614 S.W. 2d 695

Court of Appeals of Arkansas
Opinion delivered May 6, 1981

*Thomas B. Keys* and *Philip N. Gowen*, for appellant.

*Charles O. Pearrow* and *Comer Boyett*, for appellees.

TOM GLAZE, Judge. This is an appeal from a judgment in the amount of $12,000 entered in the White County Circuit Court pursuant to a jury verdict returned in an eminent domain proceeding. On September 6, 1974, the appellant condemned 0.16 acre of 2.8 acres owned by the appellees. The appellees' house is located on the property but not on the 0.16 acre taken by appellant. The appellant argues one point for reversal, contending that the trial court erred in admitting into evidence testimony on behalf of appellees which intermingled commercial and residential values in arriving at damages as the result of the taking.

Our task on appeal is to determine the correct legal measure of damages applicable to the condemnation of

appellees' 0.16 acre and then to decide whether the evidence introduced at trial supported the damages awarded to appellees. Towards this end, we will review the case authorities which set forth the legal standards we must consider and follow in deciding the case at bar. First, it is settled law that the measure of the owner's compensation for condemned land is its market value at the time of the taking for all purposes, comprehending the land's availability for any use to which it is plainly adapted, as well as the most valuable purpose for which it can be used and will bring most in the market. *Fort Smith & Van Buren District* v. *Scott*, 103 Ark. 405, 147 S.W. 440 (1912). The general rule on the measure of damages as enunciated in *Scott* is one for consideration and general application to the facts in this cause. However, the facts before us also reflect that the appellees' residence is located on the subject property although it is not on the part of the land taken by the appellant. Thus, we must turn to another settled legal principle which is operable when the land taken has an improvement on it. This principle was relied upon by our Supreme Court in *Arkansas State Highway Commission* v. *Griffin*, 241 Ark. 1033, 411 S.W. 2d 495 (1967), quoting from its holding in *Arkansas State Highway Commission* v. *Richards*, 229 Ark. 783, 318 S.W. 2d 605 (1958), wherein it stated:

> *"The proper measure is the market value of the land with the buildings upon it, and the owner therefore receives nothing for the buildings unless they increase the market value of the land. Accordingly, evidence of the structural value of the buildings is not admissible as an independent test of value.* When, however, it is shown that the character of the buildings is well adapted to the location, [and] the structural cost of the buildings, after making proper deductions for depreciation by wear and tear, is a reasonable test of the amount by which the buildings enhance the market value of the property. As in other cases of determining market value, not only the character and condition of the building, but also the uses to which it might be put, are matters for consideration." [Emphasis supplied.]

Finally, appellant asks us, we believe correctly, to

review another legal measure that it argues should be considered and applied to the facts at bar when awarding damages. In this connection, appellant raises one issue on appeal, contending the trial court committed error by allowing the introduction of testimony concerning damages which intermingled commercial and residential values. Appellant relies in part on the case of *Arkansas State Highway Commission* v. *Toffelmire*, 247 Ark. 74, 444 S.W. 2d 241 (1969), wherein the Supreme Court stated:

> Clearly, in a commercial use evaluation, the value of the improvements, both before and after the taking, should have been based on commercial worth. Our case of *Arkansas State Highway Commission* v. *Griffin*, 241 Ark. 1033, 411 S.W. 2d 495 (1967), sets out the rule. There we said "a verdict rendered by a jury which was partially based on testimony relating to commercial value of the land, and partially based on testimony relating to the land's value for residential purposes, would not be proper ..."

Now that we have a firm understanding of the applicable rules or legal measures which control the determination of the amount of damages to which appellees may be entitled, we must then review the evidence and testimony to decide if it is consistent with these recognized legal principles. In doing so, our task proves more difficult because the expert testimony is not as clear as we would prefer. To illustrate, we consider first the testimony of John Roddy, a real estate broker and witness for the appellees. Roddy testified that the highest and best use of the appellees' property before the taking was for commercial purposes. He stated that before the taking the land had a market value of $6,400 per acre. After the taking, Roddy related that appellees' land no longer had commercial value, that the land's highest and best purpose was for farming use and assigned an after value of about $600 per acre. Apparently, Roddy was of the opinion that the appellant's taking of the 0.16 acre destroyed any commercial use which appellees' property may have had before the taking.

It is at this point that we believe Roddy's evaluation and

testimony becomes confusing and departs from the correct measures of damages which are controlling of this case. Roddy assigned a value to the appellees' dwelling of $31,040 before the taking. Yet, on cross-examination, he admitted that the dwelling did not contribute to the commercial use of appellees' property. He stated that the appellees' house was actually in the way for commercial development, that it would have a salvage value of about $3,000 or that it would have to be sold and moved off the property to make way for any commercial development. This portion of Roddy's testimony is in direct conflict with the rule we noted earlier in *Arkansas State Highway Commission* v. *Griffin, supra, i.e.,* the owner receives no compensation for buildings unless they increase the market value of the land. Although the effect of Roddy's testimony was that the house did not enhance the value of the property for commercial purposes, he erroneously proceeded to assign a separate structural value to the appellees' residence which is not admissible as an independent test of the market value of the subject property. Whether, as appellant suggests, Roddy used the residential value of appellees' dwelling to arrive at his before taking evaluation is not clear from his testimony, and although a fair inference may justify the conclusion that Roddy incorrectly mixed residential and commercial values, it is of no moment. We have already duly noted the portion of Roddy's testimony which we conclude is erroneous and contrary to the correct measure of damages as is required in *Griffin*, and it is on this basis that we reverse and remand this cause for a new trial.

Since this case is remanded and a new trial is in the offing, we feel that it is necessary to refer in brief to certain testimony in the record given by the two expert witnesses called by the appellant. Both witnesses testified that one of the comparable sales on which they relied involved a 2.25 acre commercial tract located about one and one-half blocks from the appellees' property and on the opposite side of the highway. These same witnesses stated that the highest and best use for appellees' property before the taking was for residential purposes. Although these witnesses, late in their testimony, indicated that this 2.25 acre commercial tract was not comparable to appellees' property, the witnesses had

already testified otherwise. This type of testimony is contrary to law and can only prove confusing to a jury. We also note that this intermingling of commercial and residential values is the same wrong which appellant assigns as error in this appeal.

Reversed and remanded.

MAYFIELD, C.J., dissents.

MELVIN MAYFIELD, Chief Judge, dissenting. When the Highway Commission takes a portion of a person's land, the measure of compensation is the difference between the market value of the whole tract before the taking and the market value of the remainder after the taking. *Arkansas Highway Commission* v. *Bryant*, 233 Ark. 841, 349 S.W. 2d 349 (1961).

The abstract of testimony in the brief of the Arkansas Highway Commission in the instant case contains the following:

Q. With these comparables in mind, what price, then did you assess to the subject property?

A. Due to research of these comparables, and market study, market surveys made at the time for myself as investor in real estate there, I placed a value of $48,360.00. (R. 91)

. . . .

Q. What value did you place on the property now after the taking?

A. $5,640.00.

. . . .

Q. Then you assess that property has been damaged how much?

A. Well, according to those figures, $42,720.00 is the difference. (R. 93)

In this case the Highway Commission took a portion of appellees' property. The verdict of the jury was $12,000.00. Under the law and evidence set out above, unless something else is involved, this case should not be reversed and remanded for a new trial. I cannot determine from the abstract of testimony whether there is anything else involved. Under Rule 9 of the Rules of Supreme Court and Court of Appeals, it is incumbent upon the appellant to abstract the testimony and it is not the duty of the court to search the record for evidence not abstracted.

Therefore, I would affirm the judgment.