# ARKANSAS STATE HIGHWAY COMMISSION
## *v.* Jack ROBERSON et ux

CA 81-450

635 S.W.2d 299

Court of Appeals of Arkansas
Opinion delivered June 30, 1982

*Thomas B. Keys* and *Philip N. Gowen,* for appellant.

*Lightle, Beebe, Raney & Bell,* by: *A. Watson Bell,* for appellees.

LAWSON CLONINGER, Judge. Appellant, Arkansas State Highway Commission, brings this appeal from a jury verdict of $28,000 as compensation for the taking by eminent domain proceedings of a lot in the City of Searcy owned by appellee, Jack Roberson, and his wife. The only point for reversal urged by appellant is that the trial court erred in permitting testimony in behalf of the landowner which allegedly intermingled residential and commercial values.

We find no error and the judgment is affirmed.

The evidence establishes that appellee purchased the lot in question upon which a dwelling house and other improvements stood, for $25,000 ten months before the taking by appellant. Appellee Jack Roberson testified that he purchased the property for commercial purposes and although it was rented as a dwelling at the time of the taking, he had an agreement with the renter that appellee would eventually renovate the house for his real estate office. Appellee and his expert witness testified that the highest and best use of the property was for commercial purposes because it was a trend in the City of Searcy on that street to convert existing residential buildings into commercial enterprises. Appellee ascribed a value of $20,000 to the land and $14,550 to the improvements for commercial purposes, for a total amount of damages of $34,550. His witness placed a value of $18,000 on the land and a value of $10,000 on the improvements for commercial purposes.

The proper measure of damages in a condemnation case is the market value of the land with buildings upon it, but the owner receives nothing for the buildings unless they increase the market value of the land. *Arkansas State Highway Commission* v. *Richards,* 229 Ark. 783, 318 S.W.2d 605 (1958). In a commercial use evaluation, the value of the improvements, before and after the taking, should be based on commercial worth. *Arkansas State Highway Commission* v. *Toffelmire,* 247 Ark. 74, 444 S.W.2d 241 (1969). The rule in Arkansas is that a verdict rendered by a jury which is partially based on testimony relating to commercial value of the land and partially based on testimony relating to the land's value for residential purposes is improper. *Arkansas*

*State Highway Commission* v. *Griffin*, 241 Ark. 1033, 411 S.W.2d 495 (1967).

In *Arkansas State Highway Commission* v. *Pearrow*, 1 Ark. App. 289, 614 S.W.2d 695 (1981), this court reversed and remanded an eminent domain proceeding largely based on the testimony of an expert witness who assigned a value to Pearrow's dwelling of $31,040 before the taking. The witness testified that the highest and best use of the property was for commercial purposes. On cross examination the witness admitted that the dwelling did not contribute to the commercial use of Pearrow's property, but that the house was actually in the way for a commercial development. We held that the testimony of the witness was in conflict with the rule noted in *Griffin, supra.*

In this case, the landowner and the expert witness testified that the house actually increased the commercial value of the property, and that many residences on the same street had been renovated and used for commercial property. The witnesses did not intermingle residential and commercial values, but testified that the highest and best use for the property was commercial, and that the improvements on the property contributed to its value for commercial purposes.

In considering the evidence in the light most favorable to the appellee, as we must do on appeal, there is substantial evidence to support the jury's verdict.

Affirmed.