Don Anthony MILLER *v.* STATE of Arkansas

CA CR 82-178                    649 S.W.2d 407

Court of Appeals of Arkansas
Opinion delivered May 4, 1983

*Gene E. McKissic,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Don Anthony Miller was convicted of the crimes of burglary and rape for which he was given consecutive sentences totaling 18 years in the Department of Correction. Relying upon *Conley* v. *State,* 270 Ark. 886, 607 S.W.2d 328 (1980), *Glover* v. *State,* 248 Ark. 1260, 455 S.W.2d 670 (1970), and *Beed* v. *State,* 271 Ark. 526, 609 S.W.2d 898 (1980) he contends that the trial court erred in not excusing juror Sadler for cause and that this subsequently resulted in the seating of juror Yaney who was unacceptable to him, because he had expended all of his peremptory challenges when juror Yaney was called. The cases cited do hold that appellant is in a position to challenge any error of the trial court in refusing to strike a juror for cause if the record shows that juror he objected to was forced upon him because he had exhausted his peremptory challenges. For that rule to be applicable, however, the appellant must not only show that the trial judge abused his discretion in not excusing the first juror for cause, but must also demonstrate from the record that he would have excused the latter one had he been able to peremptorily challenge him. *Singleton* v. *State,* 274 Ark. 126, 623 S.W.2d 180 (1981). While the appellant did properly preserve his record to raise this issue here in the manner required in *Singleton,* we cannot conclude that the principle asserted is applicable to the facts presented.

Before all of his peremptory challenges had been expended prospective juror Henry Sadler was called. On *voir dire* it was disclosed that this juror was distantly related to the deputy prosecuting attorney's wife. He was not certain of the degree of the relationship but when asked what it was he answered, "Greg's wife and I, *I guess,* are third cousins." On further questioning by the court and counsel he stated that he and the prosecutor attended the same church on Sunday and only saw each other on those occasions. They did not visit in each other's homes or at "family gatherings." They had no social or economic connection. He stated that

this distant relationship would have no effect on him in reaching a verdict. He stated that he respected the prosecutor as a person, "but no more than any other friend." When asked if he would have any problem casting a vote contrary to the prosecutor's position he answered, "No. I am confident that I would not." Defense counsel asked him if he would have a hard time making a decision in a close case due to the fact that he knew and respected the prosecutor but did not know the defense counsel. He answered, "No. In a situation like this, no, and I'm sure that he would have no hard feelings because he wants me to vote my conviction." At the close of the *voir dire* defense counsel challenged juror Sadler "for cause." The court denied the motion and the defense counsel peremptorily excused that juror.

It is well settled that the question of a juror's qualifications lies within the sound judicial discretion of the trial judge and that the appellant has the burden of showing the prospective juror's disqualification. That discretion will not be disturbed unless it is abused. *Beed* v. *State, supra; Satterfield* v. *State,* 252 Ark. 747, 483 S.W.2d 171 (1972). We find no abuse of discretion here. There was no indication that the juror had formed an opinion on the matter before the court and his only basis for disqualification was of the alleged relationship between the prosecutor's wife and the juror. This case is easily distinguishable from *Beed* v. *State, supra* and *Ark. State Hwy. Comm.* v. *Young,* 241 Ark. 765, 410 S.W.2d 120 (1967). In *Young* the court found abuse in the failure of the trial court to excuse the wife of a witness. In *Beed* abuse was found in failure to excuse the brother of a police officer primarily in charge of investigation of the crime leading up to the trial. In those, and similar cases, the court reasoned that even though the juror stated that he would vote his convictions, "The very presence of a witness's close relative on the jury would inhibit that frank discussion necessary in a jury room for arriving at an impartial verdict." Here there was no such close relationship. It was one merely of affinity, so distantly removed that the juror was not certain of its degree. The trial court did not abuse its discretion in determining that this relationship was not such as might inhibit frank discussion among the jurors. Nor did he abuse his discretion in finding that there was no

actual or implied bias due to the mere fact that they attended the same church. They had no other social, economic or family contacts. We find no error in the trial court's ruling on this challenge for cause.

As there was no error in the court's ruling on juror Sadler's qualifications, it was not error to seat juror Yaney merely because he was unacceptable to appellant. The appellant argues in the alternative that the trial court erred in not excusing the juror Yaney because he was not impartial. Ten jurors had been seated when juror Yaney was called and the appellant sought to exercise a peremptory challenge. The trial court reminded him that he had exhausted his peremptory challenges and the juror was seated. No challenge for cause was made. In any event, we cannot conclude that bias or other disqualification of this juror was shown or that he should have been excused by the court if challenged for cause. On *voir dire* it was shown that when the deputy prosecutor was in law school he had worked in the same place as Yaney's ex-wife. At that time the juror and the deputy prosecutor attended the same company functions "once or twice a year." Since that time they have had no social contact, but "on one or two occasions" may have passed each other in a shopping center. The juror testified that this association would have no effect upon him and that he would base his conclusions entirely on the evidence.

We find no error.