OZARK GAS TRANSMISSION SYSTEM, A Partnership, by OZARK GAS PIPELINE CORPORATION, A General Partner *v.* Tommy E. McCORMICK and Anita McCORMICK, Husband and Wife

CA 83-71                                    662 S.W.2d 210

Court of Appeals of Arkansas
Division I
Opinion delivered January 4, 1984

212

*Laws & Swain, P.A.,* by: *Ike Allen Laws, Jr.* and *William S. Swain,* for appellant.

*Turner, Mainard & Whitehead,* by: *Roy Whitehead, Jr.,* for appellees.

DONALD L. CORBIN, Judge. This is an eminent domain case. Appellant, Ozark Gas Transmission System, appeals a jury verdict which awarded appellees, Tommy E. McCormick and wife, Anita McCormick, a judgment in the amount of $14,425.00. Of this figure, $510.00 was apparently awarded for the loss of a cow and $140.00 for the loss of a calf. The damages for the property actually taken was apparently $13,775.00. We affirm.

Appellees owned a 39-acre tract of property in Franklin County. Appellant installed an underground pipeline

across appellees' land in a north/south direction dividing the 39-acre tract into two parts, one 23-acre tract east of the pipeline and the other 14-acre tract west of the pipeline. The total amount of land taken for the pipeline itself consisted of a fifty-foot strip equaling approximately 1.03 acres. This case grew out of a disagreement over the amount of compensation appellees were due for the loss of their 1.03 acres and for the reduction in value (if any) of the 14-acre tract west of the pipeline.

Appellant argues that the court erred in refusing to strike the testimony of appellees' expert witness, Eddie Anderson, because his testimony was speculative. It is well settled that opinion testimony by either the landowner or his value witness may be stricken on motion if there is no fair or logical basis for its support. Once the landowner or his qualified expert witness has expressed his opinion as to fair market values, the burden shifts to the condemnor to establish by cross-examination that the landowner or expert witness has no logical basis to support his opinion before such testimony is subject to being stricken from the record on motion. If the condemnor is unable on cross-examination to draw more than a weak or questionable basis for the opinion, that fact has a bearing on the weight to be given the testimony by the jury, and the testimony should not be stricken on motion. *Ark. State Hwy. Comm'n v. Jones,* 256 Ark. 40, 505 S.W.2d 210 (1974); *Ark. State Hwy. Comm'n v. Roetzel,* 271 Ark. 278, 608 S.W.2d 38 (Ark. App. 1980). After reviewing the record before us, there appeas to be adequate testimony for the jury to have concluded that witness Anderson had substantial reasons for finding the property's highest and best use was for industrial purposes. Testimony was presented at trial by appellees' expert witness that he determined fair market value of the property before taking by considering the whole 39 acres as a potential industrial site. In determining the value of appellees' property after taking, Anderson testified that he assessed severance damages to the 14-acre tract because of the restrictions inherent in having to cross appellant's high-pressure gas pipeline in order to reach the highway, waterline, utilities and railroad spur. To support his testimony that industrial use was the land's highest and best use, Anderson cited two comparable

sales; the 90-acre Great Carbon Lakes plant located directly across the road from appellees' property with a date of sale of February, 1979, and the 2-acre Cargill feed mill site located within two miles of the property in dispute with no date of sale provided. Anderson also testified to the 1981 sale of 6 acres located four miles from appellees' property which sold for $3,000.00 per acre. He testified to the proximity of these parcels to appellees' property and also to their similarity in topographical features and access to amenities necessary for industrial development.

In *Arkansas Power & Light Co.* v. *Haskins,* 258 Ark. 698, 528 S.W.2d 407 (1975), the Arkansas Supreme Court stated that in eminent domain proceedings, land is evaluated on the basis of the most valuable use to which it can be put, comprehending any use to which it is clearly suitable. The Court also stated that the pattern of land development in close proximity to the condemned land is a reasonable basis for determining the land's best use. In *Ark. State Hwy. Comm'n* v. *Pearrow,* 1 Ark. App. 289, 614 S.W.2d 695 (1981), the Court of Appeals restated the above rule saying that the law was well-settled that the measure of compensation is the land's market value at the time of taking for all purposes, comprehending the land's availability for any use for which it is plainly adapted, as well as the most valuable purpose for which it can be used and will bring the most in the market.

In the instant case, there seems to be ample testimony from which the jury could have determined that the land's highest and best use was for industrial purposes without having to resort to any sort of speculation or conjecture. Accordingly, the trial court properly ruled that Anderson's opinion in this regard would go to his credibility and expertise in the eyes of the jury and that the testimony should not be stricken.

Appellant also argues that there was no basis for appellees' expert witness's testimony concerning severance damages. We have long recognized that one approach to determination of just compensation is a formula consisting basically of two elements, i.e., (1) value of the lands taken and (2) damage resulting to the remainder of the tract,

usually referred to as severance damages. Furthermore, it has been said that in partial taking cases the testimony should be first directed to the value of the lands taken and then to the damage resulting to the remainder of the tract. *Ark. State Hwy. Comm'n* v. *McAlister,* 247 Ark. 757, 447 S.W.2d 649 (1969). It has always been recognized in this state that a landowner from whose lands a right-of-way easement has been taken has the right to continue using the surface of the right-of-way for farming or other purposes not inconsistent with the use of the easement after the improvement is constructed. *Davis* v. *Ark. La. Gas Co.,* 248 Ark. 881, 454 S.W.2d 331 (1970).

In the case at bar, the testimony by appellees' expert is somewhat confusing in one portion of the transcript. The expert Anderson testified that he thought that appellant's taking resulted in appellant's permissive control of the use of the 14-acre tract as well as control of the 50-foot strip on which the pipeline was actually located. While Anderson's interpretation of the law on this point is in error. his erroneous belief did not negate the fact that there was some severance of the back 14 acres since all ingress and egress to the 14 acres was across appellant's pipeline and appellant did control that portion. Anderson based his diminution in value of the 14 acres on the fact that any use of the 14 acres would necessitate crossing a high-pressure gas pipeline owned and controlled by appellant. However, the fact that appellees still had limited use of appellant's strip and full use of the 14 acres beyond the strip was clearly made to the jury by appellant's counsel. The jury had ample evidence from which to decide a severance still remained because of the limited uses the owners could make of the 14 acres since all ingress and egress was across the high-pressure gas pipeline. The testimony made it clear that appellant would not allow anything to be built across the pipeline which might detrimentally affect its access to the pipeline. Contrary to Anderson's confusion as to the law, it is obvious that some severance remained and that it may have been substantial. Anderson testified that severance from 23 acres was what he based the reduced value of the 14 acres upon. Counsel for both parties stipulated that appellees would not have been allowed to build a building across the gas

pipeline. There was some evidence that there would be restrictions on appellees' future use of the property.

We disagree with appellant's contention that there was no basis for Anderson's testimony concerning severance damages.

Affirmed.

CLONINGER and CRACRAFT, JJ., agree.